Edward SIMMONS, Plaintiff,

v.

AMERICAN EXPORT LINES, INC.,
Defendant.

United States District Court
S. D. New York.

Sept. 15, 1960.

Jacob Rassner, New York City, for plaintiff. Ernest Rassner, New York City, of counsel.

Haight, Gardner, Poor & Havens, New York City, for defendant. Clifford J. Brenner, Richard L. Maher, James M. Estabrook, New York City, of counsel.

DAWSON, District Judge.

This motion, which is one to review taxation of costs, presents a rather simple issue growing out of the following state of facts:

The plaintiff, a seaman, brought this action against the defendant arising out

of personal injuries suffered by him. He presented three causes of action. The first cause of action claimed $50,000 for negligence; the second cause of action claimed $50,000 on the ground that the ship on which plaintiff served was unseaworthy; the third cause of action claimed $10,000 for maintenance and cure.

A trial was held and the jury rendered a verdict for the defendant on the first and second causes of action. It was stipulated that the third cause of action for maintenance and cure should be tried by the Court. This was done. The defendant admitted that it was obligated to provide maintenance and cure for the seaman, irrespective of its liability on the other causes of action. The defendant had already paid to plaintiff $528 for maintenance. It admitted that it owed him for four additional days maintenance, a total of $32. On this computation there was no dispute. The Court, therefore, awarded plaintiff the sum of $32 for maintenance and judgment was entered for that amount.

The bill of costs was presented to the Clerk and the Clerk awarded plaintiff $76.90 as costs on the ground that he was the prevailing party. Defendant now brings this motion to review this allowance of costs. It claims that plaintiff was not the prevailing party and that costs are allowable under Rule 54(d) only to the prevailing party.[1]

■■ We have, therefore, a situation where the plaintiff prevailed on one cause of action but lost on the two important causes of action. Was he the "prevailing party"? Since plaintiff recovered a judgment he is a prevailing party, even though he failed to sustain all of his claims. Ryan v. Arabian American Oil Co., D.C.S.D.N.Y.1955, 18 F.R.D. 206.

■ However, the rule itself in providing that costs shall be allowed to the prevailing party, "unless the court otherwise directs" shows that the allowance of costs is a discretionary matter with the Court. 6 Moore, Federal Practice, ¶ 54.70.

■ It is appropriate for a court, in the exercise of its discretion, to apportion costs. See, Steel Construction Co. v. Louisiana State Highway Commission, D.C.E.D.La.1945, 60 F.Supp. 183.

In the instant case the significant issues were the issues on which the plaintiff was not the prevailing party. The defendant admitted its liability for maintenance and cure and there was no substantial dispute as to the amount properly owed to the seaman, which amounted to $32. The real dispute was as to defendant's liability on the counts of negligence and unseaworthiness. Under the circumstances, to allow plaintiff full costs of $76.90 on a verdict for $32 would seem shocking. If there had been a dispute only as to the amount of maintenance the case undoubtedly would have been disposed of on pre-trial.

■ However, plaintiff did recover on this one minor claim for a small amount and some costs should be allowed him on this recovery.

The Court, in its discretion, determines that since the plaintiff prevailed on one cause of action and failed on two causes of action, costs should be apportioned, and that plaintiff should recover as costs one-third the sum of $76.90, or $25.63. It is so ordered.

1. Rule 54(d), 28 U.S.C.A. "*Costs.* Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs * * *."