**SPERRY RAND CORPORATION**

**v.**

**A–T–O, INC., etc., et al.**

**Civ. A. No. 5241–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

Jan. 31, 1973.

See also, 4 Cir., 459 F.2d 19.

John S. McGeeney, Stamford, Conn., Lewis T. Booker, Robert L. Dolbeare, Richmond, Va., for plaintiff.

George S. Leonard, Washington, D. C., Lloyd T. Smith, Jr., Charlottesville, Va., for defendants.

## MEMORANDUM

MERHIGE, District Judge.

This matter is before the Court on the objection raised by the defendant, A-T-O, Inc., to the plaintiff Sperry Rand's proposed bill of costs.

On October 15, 1970, this Court (325 F.Supp. 1209), entered judgment in favor of the plaintiff in this trade secrets case in the amount of $406.012 compensatory damages, $185,000 punitive damages, and $225,000 attorneys' fees. The Court's order expressly provided that the plaintiff should recover as well its taxable costs. On September 7, 1971, the Court of Appeals for the Fourth Circuit, 447 F.2d 1387, affirmed on the merits, but modified the award of damages so as to reduce the compensatory damages to $231,012 and to eliminate the award of attorneys' fees. The Court left intact the award of punitive damages and costs.

After the entry of judgment for the plaintiff modifying the original one, the plaintiff filed its bill of costs. The following elements were claimed:

| | | |
|---|---|---:|
| (1) | Fees of the Clerk | $ 15.00 |
| (2) | Fees of the Marshal | 105.08 |
| (3) | Fees of the court reporter for transcript of trial, including argument, and of pretrial motion hearings (three copies) | 7,259.60 |
| (4) | Fees and disbursements for printing and copying | 212.00 |
| (5) | Fees for witnesses (including travel expenses for greater than 100 miles) | 1,305.40 |
| (6) | Docket fees under 28 U.S.C. 1923 $20 trial fee & 38 depositions at $2.50 ($95.00) | 115.00 |
| (7) | Costs incident to taking of depositions: 3 copies of depositions taken which were in part used at trial | 12,011.45 |
| (8) | Cost of reproducing blueprint of slotted array—Tremblay & Colmer | 13.75 |
| (9) | Expert witness fees | 9,200.00 |
| | TOTAL | $30,237.28 |

In their memorandum in opposition to the plaintiff's claimed costs, the defendants contend that if they are to be charged with any costs, the following are properly taxable against them:

(1) Fees of the Clerk and Marshal

(2) Stenographic cost of the Court's copy of the trial transcript exclusive of argument

(3) Statutory witness fees and 100 mile travel expenses where actually incurred, including such expenses for expert witnesses

(4) Docket fees

(5) One copy of the deposition transcript of witnesses who did not appear at trial and whose deposition was submitted to the Court for consideration

Preliminarily, the Court takes brief note of the contention of counsel for the defendants that the plaintiff is not entitled to recover any costs because it was not the prevailing party, a contention which the Court believes may be difficult to justify to a defendant or defendants who have judgments assessed in excess of $400,000.00. It is the defendants' position, nevertheless, that the Court of Appeals' action in this case made them the prevailing party as to the plaintiff's second claim; and since the plaintiff prevailed on one claim and not on another, the Court should declare there to be no prevailing party. The defendants' argument is patently specious and warrants but brief discussion: a party in whose favor judgment is rendered is the prevailing party, regardless of whether he sustains his entire claim or only a part thereof. See, e. g., Hines v. Perez, 242 F.2d 459 (9th Cir. 1957); Simmons v. American Export Lines, Inc., 26 F.R.D. 111 (S.D.N.Y.1960); 6 Moore's Federal Practice, ¶ 54.70[4] (1972).

Similarly, the defendants are not entitled to recover that portion of the premium paid on a million dollar supersedeas bond that was in excess of the final judgment as modified by the Court of Appeals. The judgment of this Court was proper and valid until such time as it was modified, and the plaintiff was entitled to surety protection of that entire judgment while the defendants appealed.

The two primary vehicles by which Sperry seeks to recover costs are Rule 54(d), Fed.R.Civ.Proc., and 28 U.S.C. § 1920. Rule 54(d) provides the following:

Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs.

28 U.S.C. § 1920 provides the following:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

The general approach which federal courts must take to the question of litigation costs has been established by the United States Supreme Court in Farmer v. Arabian American Oil Co., 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964).

Speaking for the Court, Mr. Justice Black outlined the following approach:

> We do not read that Rule (Fed.R.Civ. Proc. 54(d)) as giving district judges unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case. Items proposed by winning parties as costs should always be given careful scrutiny. Any other practice would be too great a movement in the direction of some systems of jurisprudence that are willing, if not indeed anxious, to allow litigation costs so high as to discourage litigants from bringing lawsuits, no matter how meritorious they might in good faith believe their claims to be. Therefore, the discretion given district judges to tax costs should be sparingly exercised with reference to expenses not specifically allowed by statute. Such a restrained administration of the Rule is in harmony with our national policy of reducing insofar as possible the burdensome cost of litigation. *Id.* at 235, 85 S.Ct. Id. at 416.

It is in light of this pronouncement that the Court considers the individual cost items claimed.

## WITNESS EXPENSES

■ It is the defendants' contention that the Court is without power to grant travel expense to witnesses from outside of this state for distances beyond the 100 mile radius of the Court's subpoena power. Witnesses are entitled to travel expenses pursuant to 28 U.S.C. § 1821, and some courts formerly held that their power to tax costs for travel expenses was limited to that area in which the Court could issue subpoenas. This notion was firmly put to rest, however, by Farmer v. Arabian American Oil Co., *supra.* The Court held squarely that 28 U.S.C. § 1920(3) gives a district court the discretion to order travel expenses for out-of-state witnesses beyond the 100-mile radius.

■ *Farmer* did not, however, suggest that the 100-mile rule should be totally disregarded. Rather, the Court felt it to be "a proper and necessary consideration in exercising discretion in this field." 379 U.S. at 234, 85 S.Ct. at 416. Accordingly, the trend of decisions has been to limit travel expenses to 100 miles absent a showing of special circumstances. 6 Moore's Federal Practice, ¶ 54.77[.5–1], p. 1728, n. 9 (1972). The factors that courts have considered are the relevancy and necessity of the witness' testimony, Kaiser Industries Corp. v. McTouth Steel Corp., 50 F.R.D. ບ, 10 (E.D.Mich.1970); Electronic Specialty Co. v. International Controls Corp., 47 F.R.D. 158, 161 (S.D.N.Y.1969), and whether the party calling the out-of-state witness had attempted to secure prior approval of the court for such expenses being taxed as costs, Farmer v. Arabian American Oil Co., *supra,* at 234–235, 85 S.Ct. 411.

■ With these considerations in mind, the Court concludes that the plaintiff is entitled to travel allowances beyond the 100 mile limit for witnesses Bickmore, Saunders, Carbotti, Hemphill, McNally, and Huston. Although the plaintiff did not request prior approval of the Court for these expenses, the testimony of the witnesses was both relevant and necessary for a proper adjudication of Sperry's claim. The defendants should be made to bear these expenses.

As to Huston, the defendants make a special objection. John A. Huston, for whom the plaintiff seeks air fare, fees and subsistence, is a vice president of the plaintiff company. It is the defendants' contention that he must appear without costs at the forum which the plaintiff selected and, further, that witness fees cannot be charged for local employees of the plaintiff.

■ The Court concludes, to the contrary, that the plaintiff is entitled to

recover the fees and expenses for Huston as well as fees for the local employees. Unlike the situation in Clapper v. Original Tractor Cab Co., 165 F.Supp. 565 (S.D.Ind.1958), cited by the defendants, these witnesses were not real parties in interest to the action. As noted by the Court in the seminal opinion of Perlman v. Feldmann, 116 F.Supp. 102, 115 (D.C. Conn.1953), "their interest was not shown to be other than the natural concern of an officer for the welfare of this corporation." See also, Kemart Corp. v. Printing Arts Research Lab., 232 F.2d 897 (9th Cir. 1956). There is no valid reason to treat these persons any differently from other witnesses. Their expenses and fees will be allowed.

## EXPERT WITNESSES

█ Plaintiff also claims as costs certain expenses incurred in regard to the use of expert witnesses. Included in this claim are consulting fees, attendance fees, and travel expenses incurred during consultations. The plaintiff candidly concedes that these claims are "somewhat unusual or extraordinary." Indeed, the Court of Appeals for the Fifth Circuit has stated flatly that "expert witness fees are not taxable." United States v. Kolesar, 313 F.2d 835, 837 (5th Cir. 1963). If the Court does have power to assess such costs, it is clear that it should do so only in exceptional circumstances, which are not here present. The acts of deliberate and willful misconduct cited by this Court in its prior opinion gave rise to the imposition of punitive damages. They do not justify the imposition of consulting and attendance fees of expert witnesses. Consulting fees generally arise in the effort of counsel, and quite appropriately, to become more fully apprised for purposes of trial of the technical aspects of the subject matter involved.

## TRIAL TRANSCRIPTS

The plaintiff seeks to tax the defend-
: .its with the cost of three copies of transcripts of the trial, including opening and closing arguments, and of the pretrial hearings. The defendants admit their liability as to the cost of one copy of the trial transcript, filed with the Court, excluding arguments. The Court is thus called upon to decide whether plaintiff is entitled to the cost of two additional copies of the transcript and of the transcript of arguments and pretrial hearings also.

█ Title 28 U.S.C. § 1920(2) provides that the prevailing party is entitled to "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." Recent decisions hold, quite properly, that this provision, taken together with Rule 54(d), allows a district court to tax additional copies of transcripts, as well as the transcript of proceedings which are not evidentiary aspects of the trial, Independent Iron Works, Inc. v. United States Steel Corp., 322 F.2d 656, 676–677 (9th Cir. 1963); again the trial court has discretion to decide what was "necessarily obtained for use in the case."

█ Plaintiff has claimed costs for three copies of the transcripts. One of these copies was filed with the Court, a second copy was in the possession of Sperry's Stamford, Conn., counsel, and the final copy was retained by Sperry's Richmond, Va., counsel. The Court has examined various prior opinions concerning extra copies, some of which allowed these expenses as costs and some of which did not. The Court concludes that it should construe the concept of necessity of the transcript in a pragmatic, rather than a theoretical, light. So viewed, it is clear that Sperry is entitled to the cost of one additional copy, but not to two copies.

The traditional argument made against taxing the costs of additional copies is that counsel can use for reference the copy filed with the Court. Additional copies are said to be obtained

out of convenience rather than necessity. However, it is clear to this Court that it is more than convenience which motivates Connecticut counsel to secure an additional copy of transcripts filed in Virginia. In practical terms, such a copy is necessary if counsel is to make use of the transcript at all. The costs of such a copy will be ordered. United States v. Koleson, 313 F.2d 835 (5th Cir. 1963); Independent Iron Works, Inc. v. United States Steel Corp., *supra*. The cost of the copy obtained for Richmond counsel will not be taxed, however. The offices of said counsel are located less than four blocks from the Court, and while not as convenient perhaps as one would like, the Court's copy was generally available for removal by counsel on an overnight basis or for almost daily use at the Court's chambers, and the Court's copy could thus be used by them if needed. Further, there appears to be no reason why defendants' counsel could not share one copy of the transcripts. A rational division of labor between counsel might well make unnecessary an additional copy. In any event, such additional copy was not a necessity within the meaning of the statute. The cost of this copy will not be taxed against the defendants.

In regard to the copies taxed, the Court takes note of the appropriate practice of court reporters, reflected in the bills filed as evidence, to charge more for the first copy of a transcript than for additional copies. Fairness dictates that the two copies which are taxable against the defendants should be done so at the actual cost to the plaintiffs. Accordingly, the two copies will be taxed at the average cost for the three copies purchased together. Such a procedure was followed in Perlman v. Feldmann, *supra*, at 109, and strikes the Court as the fairest way in which to tax these costs.

 As to the argument portions of the trial transcript, the Court concludes that Sperry is not entitled to these costs. Such argument is not normally necessary for purposes of appeal, which appears to have been the principal use of the trial transcript in this case. See Bank of America v. Lowe's International Corp., 163 F.Supp. 924 (S.D.N.Y.1958).

 As to the transcripts of pretrial hearings, the Court must consider both the length and complexity of the whole case and what transpired at the hearings for which Sperry seeks the costs of transcripts. If the proceedings were devoted to limiting and clarifying the issues which were to be heard at a lengthy trial and if such proceedings were of a magnitude that a transcript was needed to determine how the trial would proceed, then a transcript would of course be justified. Bank of America v. Loew's International Corp., *supra*, at 931–932. However if these pretrial hearings did not greatly clarify the trial issues and if their substance could have been determined from the Court's orders and memoranda, then the plaintiff is not entitled to the costs of transcripts of them. Perlman v. Feldmann, *supra*, at 112. In this case the Court concludes that Sperry is entitled to recover its costs for all of the transcripts of the pretrial hearings. The trial of the action was both lengthy and complex, and the transcripts of the hearings held were reasonably necessary to prepare for it.

## DEPOSITIONS

 Sperry claims as another taxable cost the expense incurred in taking the depositions of a number of witnesses, the transcripts of which are asserted to have been used at trial. Recent decisions concerning the taxability as costs of deposition transcripts reach uniform results. If the depositions were needed merely for discovery, their expense should be borne by the party taking them, as incidental to normal trial preparation. If, however, the deposition transcripts were actually introduced at trial or used for impeachment purposes, then the Court can conclude that they were

"necessarily obtained for use in the case." United States v. Koleson, *supra;* Kaiser Indus. Corp. v. McTouth Steel Corp., *supra,* at 12; Gillam v. A. Shyman, Inc., 31 F.R.D. 271, 274 (D.Alaska 1962).

██ Counsel for Sperry has represented to the Court that each transcript for which costs are sought was used at trial. Counsel for the defendants have not contested this fact as to any of the depositions. Accordingly, the Court will tax the costs of these depositions against the defendants. As in the case of trial transcripts, however, the Court will tax only the average cost of two copies. Moreover, no costs will be allowed for the travel expenses incurred by the deposee Dankiewicz. The plaintiff's counsel could have taken this deposition in the witness' home town and avoided this expense. Since attorneys' travel expenses are not recompensable, neither should be this expense.

### REPRODUCTIONS
██ The final cost claim made by Sperry is for the expenses incurred in securing reproductions and printing. Counsel for both parties agree that such expenses are taxable as costs if reproductions are offered into evidence or otherwise necessarily obtained for use in the case. The Court reads the plaintiff's statement on page 5 of its brief filed November 15, 1972, as a representation that all of the costs sought represent copies that were actually used as exhibits. The defendants do not contest this as to any particular documents. Accordingly, the Court will permit as taxable costs those items claimed as printing by Sperry, including the reproduction of a blueprint of the slotted array antenna.

An order will issue directing the plaintiff to file an amended bill of costs in accordance with this memorandum.