**BORDAS & COMPANY et al., Impleaded-Respondents, Appellants,**

v.

**Jesus PIZARRO SERRANO et al., Appellees.**

**FLETES MARITIMOS, S. A., Respondent, Appellant,**

v.

**Jesus PIZARRO SERRANO et al., Appellees.**

**Nos. 6045, 6051.**

United States Court of Appeals
First Circuit.

Heard Feb. 5, 1963.

Decided March 6, 1963.

Jaime Pieras, Jr., San Juan, P. R., with whom Joseph Wynn and Pieras & Martin, San Juan, P. R., were on brief, for Bordas & Co. and others.

Antonio M. Bird, San Juan, P. R., with whom Hartzell, Fernandez & Novas, San Juan, was on brief, for Fletes Maritimos, S. A.

Harvey B. Nachman, San Juan, P. R., with whom Nachman & Feldstein, San Juan, P. R., was on brief, for Jesus Pizarro Serrano.

Before WOODBURY, Chief Judge, and MARIS * and ALDRICH, Circuit Judges.

ALDRICH, Circuit Judge.

█ The only substantial question raised on these appeals is whether the evidence warrants the district court's finding that respondent's vessel on which libelant, a longshoreman employed by impleaded-respondent stevedore, was injured was unseaworthy. Libelant was struck when a number of bags of cement toppled over onto the floor of the hatch where he was loading other bags onto a pallet. The court was fully justified in finding that the bags were piled stack on stack rather than interlocked or crisscross,[1] and that the stevedore, instead of removing one layer at a time, made a "hole" a number of layers deep for the men to work in, so that they would not continually have to stoop to pick up the remaining bags. The court's precise findings were that the hole was so deep that the walls of the remaining stow were "at least as high as a normal human being," and that this was unsafe.

█ Careful study of the record reveals that the quoted finding exceeds the testimony of the witnesses, either singly or collectively. We hope that we shall not again hear the suggestion, implicit in libelant's argument, that irrespective of the record regard should be given to the court's findings on the ground that the witnesses "testified in Spanish, a language in which the trial judge is fluent." Since all proceedings must be conducted in English, 48 U.S. C.A. § 864, it should be obvious that it is what the interpreter states on the record, not what the court may, conceivably, have understood the witness to say, that must control both the trial and the appeal.

Even by over-fragmentizing the record testimony of the witnesses, cf. Sylvia v. United States, 1 Cir., 1963, 312 F.2d 145, footnote, which libelant seeks to persuade us to do, it would be difficult to find that by the time of the accident the remaining stow was as high as found by the court. The dispute lies over the thickness of the individual bags. No witness placed the stow at the time in question as more than 12 to 14 bags high. Libelant's witness, and Bordas, a witness for the stevedore, the only ones to testify on this subject, agreed that stacked a bag was 3 to 4 inches thick.[2] It is true that Bordas testified that if a bag was removed from the stack and allowed to decompress it would expand up to 6 inches. Any personal feelings we might have as to the improbability of this do not seem to us to warrant a finding that, stacked, the bags were 5 to 6 inches thick. Consequently the

---

\* Sitting by designation.

1. The stevedore's contention, even were it sound, that a stack-on-stack condition was no less stable than crisscross because of the peculiar slipperiness of paper cement bags in any position, seems to us entirely irrelevant, unless to point up the very danger of which libelant complains.

2. This, if anything, appears to be corroborated rather than contradicted by libelant's exhibit 3. On the whole we think this exhibit, lacking any scale or other explanation, should not have been admitted, and we disregard it.

maximum height of the walls of the remaining stow that the court could warrantably have found is 4 feet, 8 inches.[3]

█ The only expert testimony was to the effect that eight feet would be unsafe, but that if the bags were four feet high that was "safe enough." The court, of course, was not bound by this testimony. We cannot say the court could not have found four feet an unsafe condition without any expert. Cf. Salem v. United States Lines Co., 1962, 370 U.S. 31, 82 S.Ct. 1119, 8 L.Ed.2d 313. However, the court did not make such a finding, not deeming it necessary.[4] We believe the case should be remanded for further proceedings, the extent of the proceedings to be in the discretion of the district court.

The stevedore has appealed from the portion of the judgment to the effect that it, rather than the shipowner, should bear the ultimate responsibility. In view of our present disposition we will not pass on this question at this time, but we cannot resist observing that we find the stevedore's position difficult to understand.

█ Finally, the shipowner asks attorneys' fees in this court from the stevedore by way of indemnity. Such an award was made in the district court, and had we affirmed the judgment in favor of the libelant we would have made such an award here. DeGioia v. United States Lines Co., 2 Cir., 1962, 304 F.2d 421. If, after further proceedings, the district court reinstates the judgments for the libelant and for the shipowner, it may award the shipowner its reasonable expenses in this court. Whether, if libelant does not recover, the shipowner may nonetheless seek indemnity for expenses, has not been argued.

Judgment will be entered vacating the judgment of the District Court and remanding the case for further proceedings not inconsistent herewith. No costs.

---

3. It might be further observed that it would have made little sense for the walls to have been any higher. The height of these walls was determined by the depth of the "hole," which, in turn, was set by the stevedore as a matter of convenience. Concededly the bags weighed 94 pounds apiece. It seems unreasonable to suppose that the stevedore, given a choice, would want to deal with 94-pound bags stacked as high as a normal man or higher.

4. The court did indicate that "waist high" would have been a safe procedure. The evidence, however, would permit a finding that the bags were higher than that.