**PAN AMERICAN WORLD AIRWAYS, INC., Defendant, Appellant,**
v.
**Gicerio RAMOS, etc., et al., Plaintiffs, Appellees.**

**No. 6602.**

United States Court of Appeals
First Circuit.

Heard Feb. 8, 1966.

Decided March 8, 1966.

Vicente M. Ydrach, San Juan, P. R., with whom Hartzell, Fernandez & Novas, San Juan, P. R., was on brief, for appellant.

A. J. Amadeo-Murga, Santurce, P. R., for appellees.

Before ALDRICH, Chief Judge, COFFIN, Circuit Judge, and CANCIO, District Judge.

ALDRICH, Chief Judge.

This is a diversity action for personal injuries suffered by two passengers when appellant's plane caught fire. Appellant, in its answer, denied liability, but a week before trial it conceded liability and the

case went to trial on damages only. After the jury returned verdicts for appellees, in the amounts of $8,000 and $1,000, respectively, appellees, pursuant to their complaint, requested of the court an award for counsel fees for "obstinacy" under the local Puerto Rico statute.[1] Without taking evidence of the attorney's services [2] the court awarded $2,500, and appellant appeals.

■■■ The federal court, of course, recognizes the Puerto Rican rule, enacted by statute, as a matter of substantive right. Cf. Cohen v. Beneficial Indus. Loan Corp., 1949, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528. This provision is not for court costs to the prevailing party, but a special award when, on the entire case, or a particular issue, a party has, with regard to an issue of law or fact, unreasonably held to a position. Sanchez v. Cooperativa Azucarera, 1946, 66 P.R.R. 330; Prado v. Quinones, 1955, 78 P.R.R. 309; Cabanillas v. Gelpi, 1946, 65 P.R.R. 890. The court's award in this case seems large, particularly where appellant's obstinacy did not extend to the entire case, as appellees had asked very substantial damages, but we will not quite say it was beyond the court's discretion. There can be no question as to the correctness of the finding of obstinacy. Soto v. Lugo, 1956, 76 P.R.R. 416. Appellant's presently most seriously pressed complaint is that the court, rather than the jury, made the determination.

■■■ Assuming that the point was properly preserved, but see F.R.Civ.P. 49 (a), we find it without merit. Since Puerto Rico, as a civil law jurisdiction, has no jury in civil cases, there is no special local practice applicable to this question, even were we bound by such. Cf. Byrd v. Blue Ridge Rural Elec. Co-op., 1958, 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953. Conversely, if it be thought that we are bound to consider the Seventh Amendment, but see *Byrd, supra,* at 537, n. 10, 78 S.Ct. 893, for a court, rather than a jury, to pass upon the unreasonableness of a party's conduct in connection with the award of exemplary damages violates no constitutional mandate. Swofford v. B & W Inc., 5 Cir., 1965, 336 F.2d 406, cert. den. 379 U.S. 962, 85 S.Ct. 653, 13 L.Ed.2d 557, citing Birdsall v. Coolidge, 1876, 93 U.S. 64, 23 L.Ed. 802. Laying constitutional questions aside, we see no federal policy indicating the desirability of having a jury pass upon the issue of obstinacy in the conduct of a law suit. The court seems by far the more appropriate arbiter. Correspondingly, it is customary for the court to determine the fees to be awarded. See, e. g., Stilwell v. Hertz Drivurself Stations, Inc., 3 Cir., 1949, 174 F.2d 714.

Affirmed.

1. "Attorney's fees. Where a party has been obstinate, the court shall in its judgment impose on such person the payment of a sum for attorney's fees." Puerto Rican Rules of Civil Procedure 44.4(d).

2. The parties agree that this is the customary practice in the local courts. Compare Rule 44.4(b), which requires other costs to be itemized and specifically established.