Virgilio Pizarro FELIX, Plaintiff,

v.

VICTORY CARRIERS, INC., Defendant and Third Party Plaintiff,

v.

FRED IMBERT INC., Third Party Defendant.

Civ. No. 849-69.

United States District Court,
D. Puerto Rico.

Feb. 14, 1972.

Nachman Feldstein & Gelpí, San Juan,
P. R., for plaintiff.

**1388**

Hartzell, Ydrach, Mellado, Santiago, Perez & Novas, San Juan, P. R., for defendant and third party plaintiff.

Bird & Bird, San Juan, P. R., for third party defendant.

## MEMORANDUM OPINION AND ORDER

TOLEDO, District Judge.

■ After the return of the verdict of the jury, the plaintiff, in accordance with the procedure set out in Pan American World Airways v. Ramos, 1 Cir. 1966, 357 F.2d 341, moved for an award of attorney's fees to be imposed upon the defendant because of its obstinacy. The question of whether a party is entitled to attorney's fees for obstinacy is discretional with the trial court but must be based upon the facts and evidence in the case. The mere fact that a plaintiff recovers a jury verdict by itself is not sufficient ground for the award of attorney's fees. See Meiser vs. Consolidated Mutual Insurance Company, Civil No. 352–1968; Ryan, J.; and Rodríguez vs. Consolidated Mutual Insurance Company, Civil No. 25–68, Fernández Badillo, J.

■ On the other hand, the failure to concede liability has repeatedly been held to be a criteria in determining obstinacy under the law of Puerto Rico. Fireman's Fund Insurance Company v. Santoro, 1 Cir. 1967, 376 F.2d 157, 160. At the two pretrial conferences in this case, there was apparently no question either by the defendant nor the third party defendant that plaintiff was injured as a result of either an unseaworthy condition or negligence, or both. There were disputes as to the nature and extent of the injury and as to the amount of damages suffered by the plaintiff. At the trial neither the defendant nor the third party defendant called any witnesses nor any experts to disprove either the facts or the theory that plaintiff advanced. No monies were offered in settlement of this case only because the defendant and the third party defendant could not agree as to the relative percentage that each should contribute. According to Soto v. Lugo, 1954, 76 P.R.R. 416, 419, one of the reasons for imposing attorney's fees and pre-judgment interest is to impose a penalty upon the losing party because he has been stubbornly litigious and has caused the other parties and the Court unnecessary trouble, inconvenience and expense.

■ The mere fact that there is a claim over a third party for indemnity, does not relieve the defendant of its liability because under the maritime law and under the Civil Code, the defendant could have tendered the action to the third party defendant or in the absence of tender it could have settled and procured court approval. Tankrederiet Gefion A/S v. Hyman Michaels Company, 6 Cir. 1969, 406 F.2d 1039; T. J. Stephenson & Company, Inc. v. George W. Whiteman Towing, Inc., E.D.La.1970, 331 F.Supp. 1038. The same issue was before this Court in José Virella Rivera, et al. v. Rederi A/B Nordstjernan, et al., Civil No. 236–68 and was decided adversely to the position of the defendant, Order of Cancio, J., June 17, 1971.

■ For the foregoing reasons, the Court finds that the defendant herein was obstinate within the meaning of the law of Puerto Rico and attorney's fees must be awarded.

■ The amount to be awarded should take into account the work necessarily done by the attorneys for the successful party, the nature of the litigation, the questions involved, the amount in controversy, the duration of the trial, the expense and inconvenience and the professional standing of the attorneys for all parties. Heirs of Trias v. Porto Rico Leaf Tobacco Co., 1941, 59 P.R.R. 228, 229. The award must be proportionate to the effort and professional activity displayed by the attorney for the successful party, Serrano v. Lugo, 1961, 83 P.R.R. 290, 292.

■ Taking all factors into consideration, the Court awards the plaintiff

the sum of $5,000.00 as attorney's fees for obstinacy.

Under the provisions of Rule 44.4(e) of the Rules of Civil Procedure of the Commonwealth of Puerto Rico, once a finding of obstinacy has been made, prejudgment interest must be awarded from the date of the filing of the judicial demand provided that the cause of action arose after the effective date of said statute. (May 26, 1967). The cause of action herein arose on the date that plaintiff was injured, December 23, 1968. The judicial demand was filed herein on the 12th day of December, 1969, interest, is therefore, awarded at the rate of 6% per annum from December 12, 1969 on the entire amount of the judgment, exclusive of the attorney's fees award hereunder, until paid.

An appropriate amended judgment will be entered forthwith.

## ORDER

The plaintiff herein, a longshoreman, filed suit in this Court against the defendant claiming damages for injuries sustained by him while working discharging cargo from a vessel owned by the defendant.

Defendant, as third party plaintiff, filed a third party complaint against the third party defendant, plaintiff's employer who was in charge of discharging the vessel, seeking indemnity on the ground that third party defendant had breached its warranty that it would perform the stevedoring operations in a safe workmanlike manner.

After a trial, the jury brought a verdict awarding plaintiff $49,454.05 damages and dismissing the third party complaint.

Third party defendant has moved the Court to impose upon third party plaintiff the payment of attorney's fees on the third party complaint on the ground that third party plaintiff acted with obstinacy in this case. The motion was accompanied by an affidavit in support thereof. The third party plaintiff has not challenged the facts alleged in said motion.

Plaintiff's motion was based on theories of negligence and unseaworthiness of the vessel. Defendant took the position that there had been no negligence on its part and that if the plaintiff was injured because the vessel was unseaworthy, such unseaworthiness was created by the third party defendant.

The jury had before it ample evidence which if believed would support a finding that defendant was negligent or that the vessel was unseaworthy and that third party defendant did not breach its warranty of safe performance.

During the trial, third party plaintiff did not offer any evidence tending to indicate that third party defendant's method of discharge was unsafe.

At a pretrial conference third party plaintiff adhered to its position that any liability to the plaintiff should be borne by the third party defendant.

The affidavit submitted by the third party defendant shows that it tried to settle this case by paying 50% of an agreed settlement figure and that this offer was rejected by the third party plaintiff who refused to contribute more than 20% to any settlement.

The Court concludes that the third party plaintiff was obstinate in the prosecution of its claim for indemnity against the third party defendant.

Once a finding of obstinacy is made under the laws of Puerto Rico, this Court must impose upon the obstinate party the payment of a sum for attorney's fees. 32 Laws of Puerto Rico Annotated § 1461(6) and P.R.R.Civ.P. 44.4(e). Pan American World Airways, Inc. v. Ramos, 357 F.2d 341 (1 Cir. 1966); Marston v. American Employers Insurance Co., 439 F.2d 1035 (1 Cir. 1971); Font v. Pastrana, 73 P.R.R. 238 (1952); Hernández v. Caraballo, 74 P.R.R. 27 (1952); Zalduondo vs. Méndez, 74 P.R.R. 597 (1953).

The Supreme Court of Puerto Rico has held that in fixing the amount to be awarded for attorney's fees, one must take into account the degree of obstinacy, the unnecessary trouble, inconvenience and expense that had to be taken to

overcome the obstinacy, the nature of the litigation, the questions involved, the duration of the trial, the professional standing of the attorneys for the parties and the amount in controversy. Heirs of Trias v. Porto Rico Leaf Tobacco Co., 59 P.R.R. 228 (1941); Prado v. Quiñones, 71 P.R.R. 309 (1955).

Defendant was seeking indemnity in the sum of $100,000.00 plus all of its expenses in litigation, including attorney's fees. Had defendant's claim for indemnity prevailed, this Court would have been bound to fix attorney's fees as part of the indemnity. DeGioia v. United States Lines Co., 304 F.2d 421 (2 Cir. 1962); Bordas and Co. v. Pizarro Serrano, 314 F.2d 291 (1 Cir. 1963). Thus, as between the third party plaintiff and the third party defendant the amount in controversy was in excess of $100,000.00; the attorneys for all the parties enjoy a high professional standing; the trial of the case lasted for almost a week; defendant has not disputed the work performed by the attorneys for the third party defendant in the suit.

Taking into account the above factors, the Court fixes the reasonable value of the attorney's fees to be awarded to the third party defendant in the sum of $5,000.00.

It is so ordered.