MARCOIN, INC. et al, Plaintiffs,

v.

EDWIN K. WILLIAMS & CO., INC., Defendant.

Civ. A. No. 76–945–A.

United States District Court,
E. D. Virginia,
Alexandria Division.

Nov. 14, 1980.

Loren Kieve, Steptoe & Johnson, Washington, D. C., Richard E. Dixon, Fairfax, Va., for plaintiffs.

Whitford W. Cheston, Fairfax, Va., John S. Kingdon, Howrey & Simon, Washington, D. C., for defendant.

## MEMORANDUM ORDER

KELLAM, District Judge.

What sums should be taxed as costs in this case is before the Court for determination. Actually, three sums are in contest—(1) fees of the court reporters for transcripts of hearing, trial and retrial; (2) fees of witnesses; and (3) costs incident to taking of depositions. The right of defendant to recover costs is not questioned. The issue is what items are to be taxed.

### I

The fees of the court reporters cover a transcript of a hearing on May 27, 1977, of $39.50; a hearing in the district court of California on June 7, 1977, of $111.00; a hearing on July 22, 1977, of $105.00; the trial transcript on August 2, 1977, of $740.00; and a retrial transcript on February 4, 1980, of $185.00. 28 U.S.C. § 1920 provides that the Court or Clerk may tax as costs—

Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case.

Rule 54(d) of the Federal Rules of Civil Procedure provides that, except where otherwise provided by statute or the rules, costs shall be allowed as of course to the prevailing party, unless the Court otherwise directs. But, this rule does not give the "district judge unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of the case." *Farmer v. Arabian Oil Co.*, 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964).

The action was tried to the Court. Extensive briefs and reply briefs were filed by each side at the original trial and on retrial. The issues in controversy were of importance to each side as a very substantial amount of money was involved as well as rights. Extensive prior litigation had gone on between the parties. There had been lengthy prior negotiations and numerous conferences, as well as quantities of correspondence. The litigation was hard fought on each side. A decision of the issues required an interpretation of the testimony of witnesses and of the documents. The lengthy briefs of counsel made numerous references to the testimony.

Dealing with each of the items of transcript, it appears that a hearing was held before the Court on Friday, May 27, 1977, on plaintiffs' motion to compel answers to interrogatories. It was stated the interrogatories had been answered late, but that plaintiffs were requesting imposition of sanctions, in the nature of attorneys' fees. A second motion was a request for the Court to shorten time for the defendant to respond to requests for admissions filed by plaintiffs, that is, to compel defendant to respond within two weeks, rather than the usual thirty days. A third motion was for extension of time for discovery.

The next item is one for $110.00, which covered a hearing in the United States District Court for the Central District of California on June 7, 1980. It dealt with a subpoena *duces tecum* issued to an attorney. That attorney had represented Marcoin in litigation related to the issues here. It was necessary to have the California Court rule on the request the witness (the attorney) testify and produce documents

claimed to be protected by the attorney-client privilege. A transcript of that hearing, along with the documents, were forwarded to this Court for review. This transcript was said to be the only record of the rulings made by the California Court.

The third item is for $105.00, which covers the cost of transcript of a hearing before the Court on cross motions for summary judgment. The Court sustained portions of the motion and made other rulings. Such rulings were referred to from time to time during trial.

The case was tried to the Court on August 2, 1977. A charge of $740.00 is made for a transcript of the trial testimony. The transcript was used by counsel in filing their briefs. Ultimately the transcript was used on appeal, and at retrial.

Lastly, there is an item of $185.00 for the transcript of the retrial on February 4, 1980. Like the transcript from the first trial, it was used by counsel in filing their briefs.

 The basic standard to be applied in determining whether to allow the expense of a transcript as taxable cost is whether it was necessarily obtained for use in the case, that is whether it was necessary to counsel's effective performance and proper handling of the case. When 28 U.S.C. § 1920 is considered along with Rule 54(d), it seems clear that it is proper for "a district court to tax additional copies of transcripts, as well as the transcript of proceedings which are not evidentiary aspects of the trial." *Sperry Rand Corporation v. A-T-O, Inc.*, 58 F.R.D. 132, 137 (D.C.Va. 1973). In *Independent Iron Works, Inc. v. United States Steel Corporation*, 322 F.2d 656, 676 (9th Cir. 1963), the Court "allowed defendants the expense of copies of pretrial and trial transcripts, as well as copies of depositions." The issue seems to be whether they were obtained for use in the case. A review of the record establishes they were obtained for use in the case and were in fact used. *See also* Vol. 10, Federal Practice & Procedure, Wright & Miller, Par. 2677, pages 208–9.

**1.** The first three witnesses appeared at the trial in 1977, and Mr. Keep at the 1980 trial.

II

The statement of costs as submitted contains $1,992.00 as fees for witnesses. The sum is thus calculated:

(a) Mrs. Edwin K. Williams—1 day's attendance $20.00, 1 day's subsistence, $16.00, mileage, 3,000 miles, $400.00.

(b) Donald C. Smaltz—same as (a) above.

(c) Michael D. Scott—same as (a) above.

(d) George E. Keep—1 day's attendance, $30.00, 1 day's subsistence, $50.00, mileage, 3,000 miles, $604.00.[1]

Defendant, Williams & Co., Inc., has its principal place of business in California. These parties had been engaged in extensive litigation in the United States District Court in California. This action was instituted in Virginia, to seek enforcement of an alleged agreement for the settlement of the California litigation. The alleged agreement for such settlement was made in California, after many months of negotiation, litigation and more negotiation. The witnesses' attendance costs and fees in question are for those persons who carried on the negotiations and discussed the alleged settlement. They were exceedingly important witnesses to the issues before the Court.

28 U.S.C. § 1821 provides that a witness in attendance at any court of the United States shall receive the sum set forth for each day's attendance and for the time necessarily occupied in going to and returning from court, mileage or common carrier travel, and when they cannot go and return to their home from day to day an additional allowance for subsistence including time in going to and returning from place of attendance. 28 U.S.C. § 1920 provides the authority for awarding the fees and costs for witnesses.

Contention is made that the costs taxed for witnesses covers the parties to the proceeding, officers or attorneys for the defendant corporation, and that the sum sought for travel is beyond the 100 mile limit.

In approaching the question, consideration must be given to the relevancy and necessity of the witnesses' testimony, and whether the testimony was reasonably necessary to the disposition of the case. Consideration must also be given to the cost of attendance as opposed to the cost of taking of de bene esse depositions.

The listed witnesses were necessary to defendant's case, and their testimony was not only relevant, but indispensable to defendant's case. Defendant's alternative was to bring these witnesses or to present their testimony through depositions, "a mode of proof universally acknowledged to be inferior to the personal appearance of witnesses in court." *Akers v. Norfolk and Western Railway Company*, 378 F.2d 78, 79 (4th Cir. 1967). The suggestion that these witnesses are parties to the proceedings is not exactly correct. Two of them were officers of defendant corporation, and the other two private attorneys who took part in the negotiations for settlement. Only one officer appeared at the first trial, and one officer appeared at the second trial. At the second trial the witness Keep was the only live witness for defendant. The testimony given by Williams, Smaltz and Scott at the first trial was introduced by presentation of the transcript of the first trial. Neither the officers nor attorneys were parties to the suit. While there is authority that the real parties to a suit may not recover witness attendance fees, and there is authority to the contrary, the weight of authority holds that officers and directors of a corporation are in a different class. *Kemart Corporation v. Printing Arts Research Laboratories, Inc.*, 232 F.2d 897, 902 (9th Cir. 1956), held that "the court had the power and the duty to assess such items as proper costs." *Farmer v. Arabian American Oil Co., supra*, makes it clear the Court has discretion to allow travel expenses of a witness beyond the 100 mile limit. *See also St. Paul Fire & Marine Ins. Co. v. Lack*, 476 F.2d 583, 586 (4th Cir. 1973); *Sperry Rand Corporation v. A-T-O, Inc., supra; Electronic Specialty Co. v. International Controls Corporation*, 47 F.R.D. 158, 162 (D.C.N.Y. 1969); Vol. 10, Federal Practice and Procedure, Wright & Miller, Par. 2678, page 236.

Accordingly, the witness attendance fees of the four witnesses are allowed.

### III

The last item involves the cost of taking of depositions of Raymond C. Fisher of $636.69 [2]; Fred G. Harris of $703.80; and of Mrs. Williams, George E. Keep, Donald Smaltz and Michael Scott of $217.25.

Fisher was the attorney for plaintiffs, who carried on the bulk of the negotiations seeking to settle the disputes between the parties. He was one of the two witnesses called by plaintiffs at trial, Harris being the other one. Harris was the Chief Executive Officer of plaintiffs and involved in the negotiations.

A review of the transcript of the trial proceedings of August 2, 1977, establishes that as the proceedings commenced plaintiffs' counsel offered in evidence as Plaintiffs' Exhibit 12 excerpts from the deposition of Margaret P. Williams, as Plaintiffs' Exhibit 13, excerpts from the deposition of George E. Keep, and as Plaintiffs' Exhibit 14, excerpts from the deposition of Michael D. Scott. Further, a review of the record will show that the deposition of Mr. Fisher was used to challenge certain of his testimony at trial, as was the deposition of Mr. Smaltz. Subsequently, the entire deposition of Mr. Keep was introduced in evidence.

At the second trial, plaintiffs designated as evidence portions of the testimony at the first trial given by witnesses Harris, Fisher and Smaltz. Defendant offered into evidence all of the testimony of Fisher, Smaltz, Scott and Margaret P. Williams, and presented the live testimony of George Keep. In fact, the parties stipulated that the prior testimony of Fisher, Harris, Smaltz, Scott and Williams could be used at the second trial in lieu of their personal appearances, but subject to objection of counsel to any portion or portions of the prior testimony.

**2.** Included in this amount is $25.00 paid the witness as his witness attendance fee.

It seems to be the general rule that depositions taken solely for discovery are not taxable as costs, but if the depositions were actually introduced in evidence or used at trial for impeachment purposes, then it is proper to conclude they were necessarily obtained for use in the case. *Sperry Rand Corporation v. A-T-O, Inc., supra,* and cases there cited. *Worley v. Massey-Ferguson, Inc.,* 79 F.R.D. 534, 537 (D.C.Miss.1978), has collected the authorities on the subject. It makes clear that the cost of depositions necessarily obtained for use in the case are taxable as costs. They are taxable "where necessary for defendant's preparation for trial," and where there was "a reasonable need that counsel have a copy of the depositions." *Id.,* page 537. See also *W. F. & John Barnes Co. v. International Harvester Co.,* 145 F.2d 915 (7th Cir. 1945), *cert. denied,* 324 U.S. 850, 65 S.Ct. 687, 89 L.Ed. 1410; *Independent Iron Works, Inc. v. United States Steel Corp., supra.*

In this case the depositions taken were necessarily obtained for use in the trial and were necessary for defendant's preparation for trial. They were in fact used in the first and second trials. Plaintiffs made use of some of them at trial as well as defendant. Though objection was raised to the cost of the transcript of the first trial, it was used by each side in briefing, for plaintiffs' appeal, and used in the second trial.

### IV

None of the costs assessed are shown to have been unnecessarily incurred. Each item was incurred as a necessary part of preparation and presentation of the issues in the case and the costs are properly assessable. They are therefore allowed.