**PAUL N. HOWARD COMPANY**, Plaintiff,

v.

**PUERTO RICO AQUEDUCT AND SEWER AUTHORITY**, Defendant.

**Civ. No. 80–0743(RLA).**

United States District Court, D. Puerto Rico.

April 2, 1986.

As Amended April 17, 1986.

Steven C. Lausell, Jiménez, Graffam & Lausell, San Juan, P.R., for plaintiff.

Charles A. Cordero, Cordero, Colón & Miranda, Old San Juan, P.R., for New Hampshire Ins. Co.

Julio A. Nolla, Puerto Rico Aqueduct and Sewer Authority, Víctor M. Domenech and Hernando A. Rivera, Chapman, Duff and Paul, Hato Rey, P.R., for defendant.

## OPINION AND ORDER

ACOSTA, District Judge.

This matter is before us on motion for costs and attorney fees filed by plaintiff, Paul N. Howard Company, on November 4, 1983.

## BACKGROUND

ᴄ₋ August 23, 1983, this Court entered its memorandum opinion and judgment in the above-captioned case awarding Paul N. Howard Company (PNH) costs and attorney fees due to the temerity and obstinacy displayed by defendant Puerto Rico Aque-

duct and Sewer Authority (PRASA) through all the proceedings in this case.[1]

PNH filed its statement of costs and attorney fees on November 4, 1983. On January 31, 1984, PRASA filed its objections to said statement. By Order entered on December 27, 1983, the Court stayed its consideration of the costs and attorney fees until conclusion of the appellate procedure initiated by PRASA.

The First Circuit Court of Appeals, 744 F.2d 880, affirmed the Court's judgment on August 29, 1984 and certification was denied by the United States Supreme Court on January 21, 1985.

On January 16, 1985, PNH filed its reply to PRASA's objections and PRASA filed its response thereto on February 4, 1985. PNH filed a motion requesting oral argument on the issues of the taxing of costs and amount to be awarded in attorney fees on February 13, 1985. PRASA opposed said request on February 28, 1985. After reviewing the record, the Court finds that the issues have been adequately briefed by the parties. Therefore, oral argument will not be necessary.

## GOVERNING LAW

### A. *Costs*

Plaintiff claims that the costs granted in this action were not the routine award of costs to the prevailing party under Rule 54(d) of the Federal Rules of Civil Procedure, but a special award pursuant to Rule 44.1 of the Rules of Civil Procedure of Puerto Rico (1979), 32 L.P.R.A. App. III, granting costs and attorney fees to a party when the opposing party has been obstinate and temerarious. Plaintiff further argues that this Rule has been recognized by the federal courts as a matter of substantive right. In support of its contention, plaintiff cites *Pan American World Air-*

ways, Inc. v. Ramos, 357 F.2d 341 (1st Cir.1966).

We agree with plaintiff that the Court in the *Pan American* case found that the award of attorney fees under Rule 44.4(d) of the Puerto Rico Rules of Civil Procedure [2] is a special award for the obstinacy of the opposing party. However, we do not read *Pan American* as extending this measure to the taxation of costs. *See, Pan American, supra,* 357 F.2d at 342.

■ Although it has been suggested that the Court should look to State law when taxing costs in a diversity action pursuant to the Erie Doctrine,[3] the predominant view is that taxation of costs is governed by federal statute. *See,* 10 Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 2669 (1983). *See also, Henkel v. Chicago, St. Paul, Minneapolis & Omaha Railway,* 284 U.S. 444, 52 S.Ct. 223, 76 L.Ed. 386 (1932); *Bosse v. Litton Unit Handling Systems,* 646 F.2d 689 (1st Cir. 1981); *Pizarro-de-Ramírez v. Grecomar Shipping Agency,* 82 F.R.D. 327 (D.P.R. 1976); *Worley v. Massey-Ferguson, Inc.,* 79 F.R.D. 534 (N.D.Miss.1978). Therefore, we hold that federal law governs.

As prevailing party and pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, PNH is entitled to costs allowed under 28 U.S.C. § 1920, which reads as follows:

A judge or clerk or any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

---

**1.** See Memorandum Opinion, Finding of Facts, Conclusions of Law and Judgment of August 23, 1983, pp. 57–59.

**2.** Superseded by Rule 44.1 of the Puerto Rico Rules of Civil Procedure (1979), 32 L.P.R.A.App. III, which reads in pertinent part:

Attorney's fees. Where a party has been obstinate, the court shall in its judgment impose on such person the payment of a sum for attorney's fees.

**3.** *Erie Railroad Company v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

### 1. *Daily Transcripts*

Plaintiff has set forth that the transcripts of two pretrial conferences and daily transcripts of the trial in this case were necessary in view of the length and complexity of the case and that this expense was justified because both counsel and the Court relied extensively on the transcripts. We disagree.

Under 28 U.S.C. § 1920(2), the fees charged by the court reporter for the preparation of "stenographic transcript necessarily obtained for use in the case" may be taxed as costs. A transcript is generally deemed "necessarily obtained" if it was essential to counsel for an effective performance and proper handling of the case, *Marcoin, Inc. v. Edwin K. Williams & Co.*, 88 F.R.D. 588, 590 (E.D.Va.1980), or if requested by the Court, 10 Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 2677, p. 355 (1983).

■ Even when transcripts are obtained for use in the case, taxation as costs has been disallowed when the Court finds that a daily transcript was not needed at the time. *See, e.g., Farmer v. Arabian American Oil Company*, 379 U.S. 227, 233–34, 85 S.Ct. 411, 415–16, 13 L.Ed.2d 248 (1964); *Sun Ship, Inc. v. Lehman*, 655 F.2d 1311, 1318 n. 48 (D.C.Cir.1981); *Harrisburg Coalition Against Ruining the Environment v. Volpe*, 65 F.R.D. 608, 611 (M.D.Pa.1974).

However, when they are obtained for the convenience of counsel, they are not taxable as costs. *Brumley Estate v. Iowa Beef Processors, Inc.*, 704 F.2d 1362, 1363 (5th Cir.1983); *In Re Nissan Antitrust Litigation*, 577 F.2d 910, 918 (5th Cir.1978), *cert. denied, sub nom., P.D.Q., Inc. of Miami v. Nissan Motor Corporation in U.S.A.*, 439 U.S. 1072, 99 S.Ct. 843, 59 L.Ed.2d 38 (1979). "To assess the losing party with the premium costs of daily transcripts necessity—beyond the mere convenience of counsel—must be shown." *Galella v. Onassis*, 487 F.2d 986, 999 (2d Cir.1973).

■ In the instant case, we find that the additional expense[4] of transcripts of two pretrial conferences and daily transcription of the trial was excessive and primarily for the convenience of counsel; not a necessity. Although the Court did make use of the transcript in the formulation of its Opinion and Order, it had no need for daily transcriptions. Therefore, the Court will only tax as costs the amount a transcript at the end of the trial would have cost.

Pursuant to 28 U.S.C. § 753(f), the Judicial Conference authorized district courts to prescribe the fees which court reporters may charge and collect for transcripts requested by the parties to be delivered within thirty (30) calendar days after receipt of an order at the maximum rate of Two Dollars ($2.00) per original page. *Report of the Proceedings of the Judicial Conference of the United States*, March 1980, pp. 17–18. The Court will allow the amount of Four Thousand Nine Hundred and Twenty-Eight Dollars ($4,928.00).[5]

### 2. *Depositions*

Plaintiff has requested Eighteen Thousand Two Hundred Eighty-Eight Dollars and Fifty-Five Cents ($18,288.55) for costs of depositions, including the notarial services, interpreter, subpoenas and witness fees. Defendants contend that costs for deposi-

---

**4.** Plaintiff requests Twelve Thousand Five Hundred Eighty-Two Dollars and Fifty Cents ($12,582.50) for the transcripts.

**5.** Two thousand four hundred sixty-four (2,464) transcript pages at the maximum rate of Two Dollars ($2.00) per page.

tions not introduced as evidence at trial should be disallowed.

■ The matter of whether or not to tax depositions as costs is within the sound discretion of the Court. As a general rule, depositions taken for discovery purposes are not taxable as costs; however, when received in evidence or used at trial, they may be properly taxed as "necessarily obtained for use in the case." *Marcoin, supra,* 88 F.R.D. at 592. *See also, Wolfe v. Wolfe,* 570 F.Supp. 826, 829 (D.S.C.1983); *Hill v. BASF Wyandotte Corp.,* 547 F.Supp. 348, 351 (E.D.Mich.1982).

■ Due to the nature of this case, a large number of witnesses were deposed. However, it appearing that none of the depositions taken were actually introduced as evidence at the trial, the amounts claimed as costs for depositions are hereby disallowed.

### 3. *Expert Witness Fees*

■ For costs incurred as compensation for expert witness testimony of Engrs. Sidney Johnson, Pedro Jiménez and Luis García, plaintiff has requested Sixteen Thousand Sixty-Seven Dollars and Ten Cents ($16,067.10).

Under federal law, costs for witness fees are limited to the statutory fee as set forth in 28 U.S.C. § 1821. Requests for expert witness fees in excess of the statutory amounts authorized under section 1821 are routinely denied. *See, Kivi v. Nationwide Mutual Insurance Co.,* 695 F.2d 1285 (11th Cir.1983). *See also, Bosse, supra,* 646 F.2d at 695.

Therefore, the Court will only allow as compensation for each of these witnesses an attendance fee of Thirty Dollars ($30.00) for each day in Court. Plaintiff is to advise the Court on or before April 21, 1986 the number of days each of these expert witnesses spent in court so that the specific amount due as costs may be assessed.

### 4. *Summaries and Models*

■ In *Farmer, supra,* 379 U.S. at 235, 85 S.Ct. at 416, the Supreme Court held that district judges should exercise their discretion to tax costs sparingly regarding those expenses not specifically allowed by statute. *See, Studiengesellschaft Kohle v. Eastman Kodak,* 713 F.2d 128, 132 (5th Cir.1983). Although failure to obtain prior Court approval, especially where large items of expense are concerned, does not necessarily bar reimbursement, *Northcross v. Board of Education of Memphis City Schools,* 611 F.2d 624, 640 (6th Cir.1979), *cert. denied,* 447 U.S. 911, 100 S.Ct. 2999, 64 L.Ed.2d 862 (1980), as a general rule, absent previous Court approval, demonstrative evidence has rarely been found so indispensable to the prevailing party as to merit the awarding of such costs. *See, Studiengesellschaft, supra,* 713 F.2d at 132–33;[6] *Johns-Manville Corp. v. Cement Asbestos Products Co.,* 428 F.2d 1381, 1385 (5th Cir.1970);[7] *J.T. Gibbons, Inc. v. Crawford Fitting Co.,* 102 F.R.D. 73 (1984).[8]

In this particular case, we find that the exhibits presented by plaintiff, although somewhat helpful, were not indispensable for the Court's understanding of the case. We believe that plaintiff could have employed more economical means to illuminate the Court. Certainly, the Court would not have allowed such an expenditure. Therefore, the amounts for graphs and exhibits are hereby disallowed. The absence of a statutory provision for the taxation of demonstrative evidence further sustains our holding today.

### 5. *Expenses*

Plaintiff claims Forty-One Thousand Three Hundred Eighteen Dollars and Seventy-Eight Cents ($41,318.78) as expenses,

---

6. The Court reversed an award for charts, models and photographs for lack of previous Court authorization.

7. Unsuccessful plaintiff not liable for costs of charts and exhibits where defendant had not obtained prior Court approval.

8. Costs for charts and audiovisual aids denied absent previous Court approval.

which include photocopies, phone charges, delivery charges, travel expenses, telex charges, meals, overtime secretarial services, postage, Internal Revenue Service stamps, and Westlaw computer research. Defendant claims that these items are incidental expenditures incurred by plaintiff's counsel in connection with the prosecution of this case and for the travel expenses of attorney David McKenney to San Juan and Greensboro ostensibly to oversee the litigation.

 Costs which are incidental to or incurred in preparation for trial are not considered necessarily incurred for use in the case pursuant to section 1920. 10 Wright, Miller & Kane, *Federal Practice and Procedure:* Civil 2d § 2677, p. 370 (1983). Unless the expenses to be charged are directly related to costs taxable under statute, they should not be allowed. Traveling expenses of co-counsel should not be taxed as costs either. *City Bank of Honolulu v. Rivera Dávila,* 438 F.2d 1367, 1371 (1st Cir.1971).

 We find that the expenses claimed by plaintiff under this item were those ordinarily necessary for the prosecution of the case; therefore, they will be disallowed.

### B. *Attorney Fees*

 Plaintiff is also entitled to attorney fees for obstinacy displayed by defendant throughout the trial under 32 L.P.R.A. App. III, R. 44.1(d).

The matter of whether or not to award attorney fees for obstinacy is discretional. *Félix v. Victory Carriers, Inc.,* 342 F.Supp. 1386, 1388 (D.P.R.1972). However, once the Court finds a party obstinate, it is bound to impose on it the payment of a sum for attorney fees. *Pereira v. IBEC,* 95 P.R.R. 28, 67 (D.P.R.1967). In this case the Court found, and the record demonstrates, that defendant's continued obstinacy, not only during the course of trial but at the pretrial stage, provided ample basis for awarding attorney fees. *City Bank of Honolulu, supra,* 438 F.2d at 1371. *See also, Fireman's Insurance Fund v. Santoro,* 376 F.2d 157, 160 (1st Cir.1967); *Pan American, supra,* 357 F.2d at 342.

Defendant claims that plaintiff should not be allowed to recover all the legal fees, but only those incurred in the particular instances when defendant was obstinate. Defendant also avers that the claim for attorney fees is unreasonably high [9] and unprecedented.

Under the Puerto Rico statute, the award of attorney fees for obstinacy is a special award, *Pan American, supra,* 357 F.2d at 342, a sanction whereby the obstinate party may be condemned to pay attorney fees in a reasonable amount to the opposing party. *Ferrer Delgado v. Sylvia de Jesús,* 440 F.Supp. 979, 982 (D.P.R.1976); *Félix, supra,* 342 F.Supp. at 1388.

To determine the amount to be awarded, the Court should take into account the attorney's labor, nature and complexity of the litigation and duration of the trial, as well as the degree of obstinacy, trouble, inconvenience and expenses incurred. *Félix, supra,* 342 F.Supp. at 1388–90. However, unlike costs which have to be specifically itemized, it is customary practice in the local courts for a judge to award attorney fees without taking evidence of attorney services. *Pan American, supra,* 357 F.2d at 342.

After considering all the factors involved in this case,[10] the Court finds that an award of Fifty Thousand Dollars ($50,000.00) for attorney fees, as a penalty imposed on defendant for its obstinate conduct throughout the whole litigation is reasonable. *See,*

---

9. Plaintiff claims a total of three thousand three hundred ninety-six and a half (3,396.50) hours worked, at the rate of Ninety Dollars ($90.00) per hour, for a total of Three Hundred Five Thousand Six Hundred and Eighty-Five Dollars ($305,685.00).

10. Including the fact that this action was pending in the Court's docket for over three and a half years, the trial lasted almost a whole month, and the high professional standing of plaintiff's counsel.

*Pan American, supra,* 357 F.2d at 342; *Pereira, supra,* 95 P.R.R. at 67–68.

## CONCLUSION

In view of all the above, the Court hereby taxes the following expenses as costs:

| | |
|---|---:|
| Filing Fees | $ 120.00 |
| Transcripts | 4,928.00 |
| Expert Witness Fees (the specific amount to be taxed when plaintiff provides the pertinent information) | |
| Costs Incurred for Translation of Documents Presented in Evidence *See, In Re PREPA,* 687 F.2d 501, 506 (1st Cir.1982) | 150.00 |
| Costs Incurred as Subpoenas and Witness Fees Pursuant to 28 U.S.C. § 1920(3) | 481.25 |
| Costs for Travel Expenses for Depositions and/or Trial Pursuant to 28 U.S.C. § 1821(c)(4) (Allan Bateman, Allan Leach, Gary Arnold, James Ferguson and Wilbur Robinson) | 12,239.12 |

It is further ORDERED that the sum of Fifty Thousand Dollars ($50,000.00) be paid by defendant as attorney fees pursuant to Rule 44.1(d) of the Puerto Rico Rules of Civil Procedure.

IT IS SO ORDERED.