**PUERTO RICO ELECTRIC POWER AUTHORITY, Plaintiff**

v.

**ACTION REFUND, et al., Defendants.**

Civil No. 05-2302 (JP).

United States District Court, D. Puerto Rico.

March 30, 2007.

Marco A. González, Jr., Esq., PHV Gia G. Incardone, Esq., Duane Morris LLP, Newark, NJ, for Counter–Defendant.

PHV David F. Smith, Esq., PHV W. Clifton Holmes, Esq., Sher & Blackwell LLP, Washington, DC, José E. Alfaro–Delgado, Esq., San Juan, PR, for Counter–Claimants.

## OPINION AND ORDER

PIERAS, Senior District Judge.

The Court has before it Counter–Claimant Action Refund's Motion for Summary Judgment With Respect to Counterclaim (**No.56**) against Puerto Rico Electric Power Authority ("PREPA"). The Court also has before it PREPA's Motion to Vacate Judgment (**No.68**). PREPA retained the services of Action Refund in 2004 in order to secure a refund of crude oil overcharges from the U.S. Department of Energy. For its services, Action Refund was to receive compensation amounting to twenty percent of the refund. The parties memorialized the terms of their agreement in an Official Contract and Binder (or "Contract"). PREPA alleges it only entered into the Contract because of misrepresentations made by the Defendants, and therefore claims the contract is void. Action Refund filed a counterclaim, seeking the money it allegedly was owed by PREPA under the Contract, as well as damages for PREPA's alleged breach of contract.

On December 20, 2006, the Court entered summary judgment for Action Refund, dismissing with prejudice all of PREPA's claims against Action Refund under the Complaint. In its Opinion, the Court held that the Contract was not defeated because of illicit consideration, fraud or unconscionability. The Court ruled on all of PREPA's claims despite Action Refund's motion for summary judgment as to only one claim because, as it stated in the Opinion, PREPA's Complaint is hardly a model in clarity. Though Count I is titled and focuses on seeking a

declaratory judgment from the Court due to lack of consideration, PREPA also draws from its other counts, namely its fraud and fraud in the inducement counts, to support its arguments. Opinion and Order n. 1. Consequently, in its Opinion the Court evaluated whether summary judgment was appropriate for each of PREPA's claims. Accordingly, all that now remains before this Court are Action Refund's claims for payment under the Contract and damages.

For the reasons stated herein, the Court holds that Action Refund is entitled to twenty percent of the Department of Energy refund issued to PREPA. The Court denies interest and litigation costs to Action Refund. The Court also denies PREPA's Motion to Vacate Judgment.

## I. *MATERIAL FACTS NOT IN GENUINE ISSUE OR DISPUTE*

The following facts were stipulated as true and uncontested by the parties at the Initial Scheduling Conference held before the undersigned on July 14, 2006:

A. During the period from August 1973 through January 1981, the U.S. Department of Energy ("DOE") implemented federal regulations governing the pricing and allocation of domestic crude oil and refined petroleum products.

B. In or around 1986, as a result of multi-district litigation originating in the United States Court for the District of Kansas, various producers and sellers of domestic crude oil were found to have engaged in overcharging for crude oil and refined petroleum products in violation of DOE regulations. This litigation eventually resulted in the 1986 Stripper Well Settlement.

C. As a result of the Stripper Well Settlement and other litigation, the DOE collected the crude oil overcharges from the offending parties and then designed and implemented a system of restitution, whereby a portion of the overcharges could be refunded to the affected end-user consumers.

D. On or about June 30, 1988, PREPA initially applied to the DOE for its portion of the Stripper Well Settlement.

E. By operation of a decision of the DOE, dated October 3, 1997, PREPA was found to have purchased crude oil during the relevant period for use in generating electricity and for other ancillary purposes. PREPA was also found to have been overcharged and to be eligible for a refund in the initial amount of six million nine hundred seventy seven thousand six hundred thirty five dollars ($6,977,635.00).

F. The DOE issued a refund to PREPA in the amount of $6,977,635 in or about November 1997.

G. Stanley Wallin signed the Contract on behalf of Action Refund on September 20, 2004, and Mr. Rafael López–Ares signed Contract on behalf of PREPA on September 21, 2004.

H. Wallin signed the "Power of Attorney" agreement between the parties on September 22, 2004, and Rafael López–Ares of PREPA signed that document on September 27, 2004.

I. On or about October 4, 2004, Defendants completed a one-page DOE form on behalf of PREPA in connection with the crude oil refund. The only information the form requested be provided was the company name, method of payment, mailing address,

and Employer Identification Number. The form completed by Defendants refers to PREPA as both Puerto Rico Electric Power and Puerto Rico Electric Power Co.

J. Wallin submitted to DOE, prior to December 31, 2004, the verification documentation and information necessary for PREPA to receive a crude oil refund from DOE.

K. On or about January 28, 2005, Richard A. Cronin, Jr., of the DOE, communicated by letter to PREPA the urgency of submitting verification of information in DOE records on a form identical to the form Defendants allegedly completed on or about October 4, 2004. On or about February 3, 2005, as requested by the DOE, PREPA completed and sent to the DOE the verification form; this was the same form completed by Defendants on or about October 4, 2005.

L. On or about March 28, 2006, PREPA received from the DOE a check in the amount of three million thirty-two thousand six hundred seven dollars ($3,032,607.00) for the outstanding federal refund.

M. The DOE has withheld roughly 10% from the amount of all crude oil refunds paid during the first half of 2006, and all claimants may accordingly receive additional refund monies from DOE in the future.

The following material facts have been presented by the parties hereto in the Motion for Summary Judgment (No. 56) and Opposition thereto (No. 65), and are properly supported and not in genuine issue or dispute. The Court here exercises its authority under Rule 56(d) to designate these facts as established in the case. Fed.R.Civ.P. 56(d).

A. In a Federal Register notice dated May 21, 2004, the DOE established procedures for making claims in its third round of crude oil refunds.

B. Even if they received refunds previously, DOE required third-round claimants to submit information to DOE on or before December 31, 2004. Any claimant that failed to file such form by the deadline would forfeit its right to the third-round refund.

C. In January or July 2004, DOE mailed a notice to eligible refund recipients regarding the procedures for the next refund round.

D. In the Contract, PREPA authorized Action Refund to act as its representative for claiming petroleum refunds. The Contract also provided that Action Refund would receive twenty percent of the total amount of refunds received.

## II. STANDARD FOR SUMMARY JUDGMENT

Summary judgment serves to assess the proof to determine if there is a genuine need for trial. *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir.1990). Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when "the record, including the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, viewed in the light most favorable to the nonmoving party, reveals no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Zambrana–Marrero v. Suárez–Cruz*, 172 F.3d 122, 125 (1st Cir.1999) (stating that summary judgment is appropriate when, after evaluating the record in the light most favorable to the non-moving party, the evidence "fails to yield a trial

worthy issue as to some material fact"); *Goldman v. First Nat'l Bank of Boston,* 985 F.2d 1113, 1116 (1st Cir.1993); *Canal Ins. Co. v. Benner,* 980 F.2d 23, 25 (1st Cir.1992). The Supreme Court has stated that "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In this way, a fact is material if, based on the substantive law at issue, it might affect the outcome of the case. *See Mack v. Great Atl. and Pac. Tea Co., Inc.,* 871 F.2d 179, 181 (1st Cir.1989).

On a summary judgment motion, the movant bears the burden of "informing the district court of the basis for its motion and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once the movant meets this burden, the burden shifts to the opposing party who may not rest upon mere allegations or denials of the pleadings, but must affirmatively show, through the filing of supporting affidavits or otherwise, that there is a genuine issue of material fact for trial. *See Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510; *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553; *Goldman,* 985 F.2d at 1116.

### III. *ANALYSIS*

Action Refund moves for summary judgment on Counts I and II of its counterclaim. Count I requests a declaratory judgment from the Court stating that the parties entered into a binding contract and that Action Refund is entitled to twenty percent of the crude oil refund under that contract. Count II alleges that PREPA breached the contract by refusing to pay Action Refund, and Action Refund therefore requests damages for that breach. The Court will examine these allegations in turn.

### A. EXISTENCE OF A VALID AND BINDING CONTRACT

■ Under Puerto Rico law, a valid contract exists if there is (1) consent of the parties; (2) a "definite object" of the contract; and (3) cause for the obligation or consideration. P.R. Laws Ann. tit. 31, § 3391. Consent is shown "by the concurrence of the offer and acceptance of the thing and the cause which are to constitute the contract." P.R. Laws Ann. tit. 31, 3401; see also *Marrero–García v. Irizarry,* 33 F.3d 117, 122 (1st Cir.1994). According to an uncontested fact, Stanley Wallin signed the Contract on behalf of Action Refund on September 20, 2004, and Mr. Rafael Lopez–Ares, Treasurer of PREPA, signed the Contract on behalf of PREPA on September 21, 2004. In this Court's Opinion at Docket No. 53, the Court held that "[t]he parties hereto entered into and signed the Contract in September 2004." Opinion and Order 8. Thus, by entering into and signing the Contract, the parties consented to the terms of that Contract.

Further, the Contract has a "definite object." "All things, even future ones, which are not out of the commerce of man, may be the object of a contract." P.R. Laws Ann. tit. 31, § 3421; see *APA Int'l Film Distribs. v. Corporación de P.R. para la Difusión Pública,* 394 F.Supp.2d 443, 450 (D.P.R.2005) (Pieras, J.). The definite object in the Contract between Action Refund and PREPA was the procurement, by Action Refund and on behalf of PREPA, of the disbursement of crude oil refund monies from the Department of Energy. The Contract's purpose was for

Action Refund to assist PREPA in obtaining a share of the Department of Energy fund, which PREPA eventually did receive.

■ Finally, the Contract was supported by mutual cause. Cause encompasses almost any motivation a person might have for entering into a binding agreement. *Garita Hotel Ltd. Pshp. v. Ponce Fed. Bank,* F.S.B., 954 F.Supp. 438, 449 (D.P.R.1996). The Contract between PREPA and Action Refund specified that, in return for Action Refund securing a crude oil refund on PREPA's behalf, Action Refund would receive twenty percent of the refund. Accordingly, the Court holds there exists mutual cause, and all three prongs for the creation of a valid contract are met.

Additionally, Action Refund performed its obligations under the Contract. An uncontested fact states that Stanley Wallin of Action Refund submitted to the Department of Energy, prior to December 31, 2004, the verification document and information necessary for PREPA to receive its crude oil refund. Any claimant that failed to file such form by the deadline would forfeit its right to the third round refund. Opinion and Order 5. Action Refund followed up on its submission with a telephone call and e-mail to the Department of Energy to ensure the verification information had been received and was reflected in the Department of Energy's database. The Department of Energy had not received any forms from PREPA prior to December 31, 2004, the deadline for submissions, other than the form submitted by Wallin. *See* Opinion and Order 12. Action Refund secured the refund from the Department of Energy, as PREPA received that refund in March 2006.

## B. PROCEDURAL ISSUES AND FRAUD IN THE INDUCEMENT

The Court's Opinion and Order at Docket 53 dismissed all of PREPA's claims, despite Action Refund's moving for summary judgment as to only one claim, because PREPA's claims were intertwined to the extent that PREPA used the same arguments for each claim it asserted. The Court chose to address the general claims rather than methodically addressing the counts as set forth in the Complaint precisely because the Complaint was unclear.

■ A district court has the power to order summary judgment *sua sponte,* but that power should be exercised sparingly. *Celotex Corp. v. Catrett,* 477 U.S. 317, 326, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Jardines Bacata, Ltd. v. Díaz–Márquez,* 878 F.2d 1555, 1561 (1st Cir.1989). For *sua sponte* summary judgment to be a viable option, discovery in the case must be sufficiently advanced and the party against whom judgment was entered must have been on notice to bring forth all of its evidence on the essential elements of the critical claim or defense. *See Celotex,* 477 U.S. at 326, 106 S.Ct. 2548; *Jardines Bacata, Ltd.,* 878 F.2d at 1561. "Notice" in this context means that the losing party had reason to believe the court might reach the issue and received a fair opportunity to put its best foot forward. *Jardines Bacata, Ltd.,* 878 F.2d at 1561. Great care must be exercised to assure that the unsuccessful party has had an adequate opportunity to show that there is a genuine issue and that his opponent is not entitled to judgment as a matter of law. *Id.* (quoting 10A Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure,* § 2720 at 34 (1983)).

The Court determined that summary disposition of PREPA's claims was appropriate given their intertwining nature. Nonetheless, the Court issued an Order providing PREPA another opportunity to oppose summary adjudication of its claims

(No. 66), and provided PREPA with ten days to do so. PREPA thereafter filed a Motion to Set Aside Judgment (No. 68) which included arguments in opposition to Action Refund's initial motion for summary judgment (No. 37). Again, PREPA argued that the Contract was invalid because Stanley Wallin fraudulently induced PREPA into signing the Contract.

■ Though the Court determined in the previous section that a contract exists, a contract may still be invalid if fraud or illicit consideration is present, or if the contract is unconscionable. See 31 L.P.R.A. §§ 3409, 3432, 3511; see *In re Newport Plaza Associates, L.P.*, 985 F.2d 640, 649 (1st Cir.1993) (holding that "[i]f practiced parties to commercial transactions bargain for, and receive, consideration that they deem satisfactory and that the law regards as substantial, it is not a court's role, absent fraud or other exceptional circumstances, to evaluate the relative adequacy of the consideration or to reweigh the soundness of the parties' judgments"). In its earlier Opinion and Order (No. 53), the Court held that PREPA and Action Refund's Contract was not void due to fraud or other exceptional circumstances. The Court has considered afresh PREPA's arguments as to fraud and fraud in the inducement as set forth in its Opposition to Summary Judgment (No. 65–1), as well as PREPA's similar arguments as set forth in its Motion to Vacate (No. 68). After considering PREPA's arguments, the Court stands by its Opinion and Order (No. 53) and holds as a matter of law that the Contract is not void for fraud or other exceptional circumstances.

For the reasons stated above, the Court holds that the parties hereto entered into a valid and binding Contract on September 21, 2004; and that under the terms of that Contract, Action Refund is entitled to twenty percent of the monies received by PREPA from Department of Energy in the third round of refunds, i.e. twenty percent of $3,032,607.00, which is $606,521.40.

### C. ADDITIONAL DAMAGES

Action Refund argues that in addition to receiving twenty percent of the refund PREPA received from the Department of Energy in March 2006, it is entitled to twenty percent of additional Department of Energy refunds occurring as a result of its efforts, interest from the date of the contract breach, and litigation costs.

The Contract states that "[a]ll refunds realized will be shared as follows: Action Refund will receive 20% of an amount equal to the total amount received and it is understood no other cost of fee will be paid to Action Refund" (No. 15–A at 24). An uncontested fact is that the Department of Energy withheld roughly ten percent from the amount of all crude oil refunds paid during the first half of 2006, and all claimants may accordingly receive additional refund monies from DOE in the future. Opinion and Order 4–5. Accordingly, PREPA may receive an additional refund of ten percent of the total monies available, which roughly equals $336,956.33. Because the Contract states that Action Refund is entitled to twenty percent of the "total amount received," and the Department of Energy withheld roughly ten percent of the monies related to the refund at issue in this case, the Court holds that Action Refund shall be entitled to twenty percent of any additional refund to PREPA which is issued from the amount withheld by the Department of Energy and related to this same refund for which Action Refund's services were contracted. Action Refund shall not receive compensation for any additional Department of Energy refunds that are unrelated to the ten

percent withheld in the refund at issue in this case.

■ Action Refund also moves for interest on its percentage due under the Contract, tolled from the initial date of PREPA's breach of the Contract. The majority of federal courts have held that the right of interest is determined by the law of the state in which the work was performed. *United States Dep't of the Navy ex rel. Andrews v. Delta Contractors Corp.*, 893 F.Supp. 125, 132 (D.P.R.1995). Under Puerto Rico law, "[i]nterest shall only be owed when it has been expressly stipulated." 31 L.P.R.A. § 4573. The Contract does not stipulate or otherwise make reference to interest, and the parties hereto have not submitted any evidence or allegations regarding calculation of interest in the event of breach of contract. Accordingly, the Court holds that Action Refund shall not be entitled to pre-judgment interest on its sum of money due under the Contract as a matter of law.

■ Action Refund also claims it is entitled to costs of litigation. Rule 44.1(d) of the Puerto Rico Rules of Civil Procedure provides that a court is to impose payment of attorney's fees against a party who has been obstinate. A finding of obstinacy requires that a court determine a litigant to have been "unreasonably adamant or stubbornly litigious, beyond the acceptable demands of the litigation, thereby wasting time and causing the Court and the other litigants unnecessary expense and delay." *Dopp v. Pritzker*, 38 F.3d 1239, 1252 (1st Cir.1994). The determination of whether a party was obstinate lies in the sound discretion of the court and is dependent on the particular facts of each case. *Reyes v. Banco Santander de Puerto Rico, N.A.*, 583 F.Supp. 1444, 1445 (D.P.R.1984). Once the Court concludes that a party has been obstinate, it is compelled to impose the payment of attorney's fees on that party. *Paul N. Howard Co. v. Puerto Rico Aqueduct & Sewer*, 110 F.R.D. 78, 83 (D.P.R.1986).

In their Motion for Summary Judgment, Counter–Claimants Action Refund and Stanley Wallin make no allegations and present no evidence to support a finding of obstinacy. Though the Court has found that the Contract entered into by the parties hereto was valid and that Action Refund is entitled to payment under the Contract, the Court cannot hold based on the evidence before it that Counter–Defendant PREPA was unreasonably adamant or stubbornly litigious. As a matter of law, the Court therefore denies attorneys fees and costs to Action Refund.

## IV.  *CONCLUSION*

For the reasons stated herein, the Court **GRANTS IN PART AND DENIES IN PART** Counter–Claimants' Motion for Summary Judgment, and **DENIES** PREPA's Motion to Vacate Judgment.

**IT IS SO ORDERED.**