**SAMARITANO & CO., INC., Plaintiff,**

v.

**MERRILL, LYNCH, PIERCE, FENNER & SMITH, INC., Defendant.**

**Civ. No. 84–1844(PG).**

United States District Court,
D. Puerto Rico.

Feb. 28, 1986.

María H. Sandoval, Santurce, P.R., for plaintiff.

Carlos G. Látimer, Santurce, P.R., for defendant.

## OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

This action was filed to recover damages for alleged violations of federal security

laws and regulations, specifically, 15 U.S.C. § 78j(b) and Rule 10(b)(5) of the Securities and Exchange Commission. Pendent to the federal claim were claims brought under local securities law, 10 L.P.R.A. § 890(a)(2) for violations of 10 L.P.R.A. § 885(b) and for violation of the Civil Code, 31 L.P.R.A. § 3018.

On the third day of trial the case stood submitted, and on that same day the jury reached a verdict for defendant and against plaintiff.

Defendant has submitted a motion requesting attorney's fees which is now before us. The motion has been duly opposed by plaintiff.

In essence, defendant's petition for attorney's fees is grounded on the allegation that the suit was filed without a cause of action. Defendant contends that since plaintiff pleaded various pendent claims arising from local law, *supra,* attorney's fees are proper under Rule 44.4(c) of the Puerto Rico Rules of Civil Procedure in view of plaintiff's obstinacy in filing the instant claim. Although Rule 44.4(d) applies to actions in diversity, *Pan American World Airways, Inc. v. Ramos,* 357 F.2d 341, 342 (1st Cir.1966), defendant avers that it should also be applied in federal question cases as well.

For purposes of argument we will assume it applies to federal question cases.

It is well settled that under the American rule ordinarily the prevailing litigant is not entitled to collect a reasonable attorney's fees from the loser. *Alyeska Pipeline Co. v. Wilderness Society,* 421 U.S. 240, 245, 95 S.Ct. 1612, 1615–16, 44 L.Ed.2d 141 (1974). However, although attorney's fees are generally not recoverable, *Holloway v. Howerdd,* 536 F.2d 690, 697 (6th Cir.1976), some exceptions have been carved to the general rule. Among these exceptions the Supreme Court has stated that a successful party may be entitled to an award of counsel's fees when the opposing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons. *Hall v. Coll,* 412 U.S. 1, 5, 93 S.Ct. 1943, 1946, 36 L.Ed.2d 702 (1973).

On the other side, under the local rule, Rule 44.4(d), the courts are vested with discretion and they may grant attorney's fees when the losing party has acted with obstinacy.

> Where a party has been obstinate, the court shall in its judgment impose on such person the payment of a sum for attorney's fees.

■ Although it is settled that only in limited circumstances attorney's fees may be allowable under Rule 10(b)(5). *Straub v. Vaisman & Co., Inc.,* 540 F.2d 591, 599 (3rd Cir.1976), defendant stresses the fact that the local pendent claims pleaded by plaintiff entitle it attorney's fees.

■ The provision of local law governing award of attorney's fees comprised in Rule 44.4(b) is recognized and applied in the federal courts. *De Thomas v. Delta SS Lines, Inc.,* 58 F.R.D. 335, 345 (D.P.R. 1973). It is of paramount importance to understand that under the local statute an award of attorney's fees is to penalize an obstinate party who has caused the other party unnecessary trouble, expense and inconvenience of a litigation. *Soto v. Lugo,* 76 P.R.R. 416, 419 (1954).

■ It is clear then that local law requires a trial judge to exercise his discretion in determining whether the losing party has been obstinate. *De Thomas v. Delta SS Lines, Inc., supra.*

■ In the instant case defendant has alleged that plaintiff was obstinate in refusing two settlement offers and in moving to trial with the action. We fail to agree. A finding of obstinacy is not automatically comanded because a party has refused to accept a settlement offer.[1] Rather, in order to impose attorney's fees the Court must find that the losing party was obstinate, stubbornly litigious and responsible in unnecesarily prolonging the suit, thus causing needless incoveniences and expenses. *Playa Santa Marina, Inc. v. Chris Craft*

---

1. This is more evident when the offers made represent the nuisance value of the litigation.

*Corp.,* 597 F.2d 1, 6–7 (1st Cir.1979). The determination of whether a party has been obstinate is certainly a question which lies within the Court's discretion and which turns to the particular facts and circumstances of each case.

■ In the present case there were settlement negotiations between the parties which never materialized, but the fact that plaintiff decided to move on with the case to trial is not determinative of a stubbornly litigious conduct.

■ This Court finds after duly considering the nature of the legal action, the particular facts, and each of the parties' own "theory of the case" that the ultimate issue involved herein was one which rested strictly on credibility. The outcome revealed that the jury gave credence to defendant's version of the facts. The recovery of a jury verdict without more is not sufficient ground for an award of attorney's fees. *Felix v. Victory Carriers, Inc.,* 342 F.Supp. 1386, 1388 (D.P.R.1972). However, this by itself does not establish plaintiff's obstinate conduct or the frivolous nature of its claim.

■ The local rule on obstinacy giving right to an award of attorney's fees was not designed as a premium to successful litigants but as a penalty to be imposed on parties whose conduct in pursuing a course of action borders on unreasonable pretentiousness. *Reyes v. Banco Santander, supra.*

■ Such conduct was not exhibited by plaintiff through the litigation on the instant case.

This Court finds, as sustained by the record and by the undersigned's observations during trial, that the proceedings in this case were kept within the normal bounds of litigation.

In view of the foregoing, the defendant's motion for attorney's fees is hereby DENIED.

IT IS SO ORDERED.