LA AMIGA del PUEBLO, INC., Plaintiff,

v.

Ismael ROBLES, Defendant.

Civ. No. 89–737 HL.

United States District Court, D. Puerto Rico.

Oct. 17, 1990.

Rafael Rivera Rosa, Hato Rey, P.R., Doel Quiñones Nuñez, San Juan, P.R., for plaintiff.

Hector Cuprill, Jorge P. Sala, Ponce, P.R., for defendant.

## OPINION AND ORDER

LAFFITTE, District Judge.

Defendant Ismael Robles (Robles) seeks to recover attorney fees and costs following a jury verdict in his favor in this trademark infringement action. Robles requests fees from plaintiff La Amiga del Pueblo (La Amiga) pursuant to Rule 44.1 of the Puerto Rico Rules of Civil Procedure, 32 L.P.R.A.App. III, R. 44.1 (1983). La Amiga, however, filed its trademark infringement action by invoking the protection of section 43(a) of the Lanham Act, 15 U.S.C. 1125(a), thereby providing the Court with subject matter jurisdiction. 15 U.S.C. 1121(a). Thus the question of whether attorney fees are warranted under federal law is also raised. For the reasons stated below, defendant's application for attorney fees is denied.

## I. BACKGROUND

Defendant's request for attorney fees requires a brief recounting of the facts and the nature of the claims and defenses raised. Plaintiff is a corporation that sells furniture and appliances under the name "Muebleria La Amiga del Pueblo" in and around the San Juan area of Puerto Rico. The operation of its first store dates back approximately forty years. Defendant's furniture stores—also called "Muebleria La Amiga del Pueblo"—opened a year or two later. Defendant's stores are located in Ponce and in the town of Adjuntas. Plaintiff contended that, having opened its stores first, defendant's subsequent unauthorized use of the name "Muebleria La Amiga del Pueblo" was an attempt to appropriate the goodwill associated with plaintiff's products by creating confusion as to the source of the goods. Plaintiff brought suit pursuant to the federal statutory remedy provided by section 43(a) of the Lanham Act, 15 U.S.C. section 1125(a). Robles in turn argued that plaintiff had known of defendant's furniture business for thirty five years prior to pursuing this action. Moreover, Robles contended that, given the different territories in which the parties were doing business, there was neither competition nor confusion among the two stores. In June, 1990, the jury returned a verdict in favor of defendant, finding that plaintiff La Amiga was entitled to recover nothing. Pointing to the short jury deliberation for support, Robles now argues that plaintiff's "completely groundless" claim warrants the imposition of an award of attorney fees. The Court disagrees.

## II. ATTORNEY FEES

In relevant part, section 35 of the Lanham Act authorizes court-awarded attorney fees "to the prevailing party" in "exceptional cases." 15 U.S.C.A. section 1117(a) (West Supp.1990). A 1988 congressional amendment to the Lanham Act has extended the application of this remedy—originally provided solely to registered trademark owners—to claims under section 43(a) involving unregistered trademarks.[1]

---

1. The statute now includes violations for false designation of origin under 15 U.S.C.A. section 1125(a), thus answering a question which had vexed the circuit courts, spawning a host of judicially created remedies that sprung reluctantly from the ambiguity of the original version of section 1117(a). *See Nupulse, Inc. v. Schlueter Co.*, 853 F.2d 545, 548 (7th Cir.1988);

Pub.L. 100–667, Title 1, section 129, 102 Stat. 3945. Although the awarding of attorney fees is in the court's discretion, the legislative history of section 1117(a) provides some guidance as to what is meant by "exceptional cases." The legislature refers to acts of infringement that are "malicious, fraudulent, deliberate, and willful" as well as to "unfounded suits brought ... for harassment and the like." S.Rep. No. 1400, 93d Cong., 2d Sess. 5 (1974), U.S.Code Cong. & Admin.News 1974, pp. 7132, 7136. This last category was specifically designed to protect the defendant. *Id.* A more precise definition, however, is absent from the barely two pages of legislative analysis accompanying the attorney fees section of the Lanham Act. Whether Congress intended to limit the "exceptional" case to the traditional exception to the American Rule—thereby allowing for the recovery of fees when parties act in "bad faith, vexatiously, wantonly, or for oppressive reasons" *Hall v. Coll,* 412 U.S. 1, 5, 93 S.Ct. 1943, 1946, 36 L.Ed.2d 702 (1973)—or whether it intended to allow recovery under a less restrictive standard, is unclear.

The District of Columbia Circuit Court examined this question in much detail in *Noxell Corp. v. Firehouse No. 1 Bar–B–Que–Restaurant,* 771 F.2d 521 (D.C.Cir. 1985), and reasoned that Congress did not mean to limit recovery to the extreme "bad faith" case, for such a remedy has always been available unless otherwise forbidden by Congress. This Court is inclined to agree with the conclusion of the D.C.Circuit, that "exceptional" refers to "uncommon, not run of the mine" and that suits designed to harass, "whether descending to the rock bottom rung of 'bad faith' or not" may warrant an award of attorney fees. 771 F.2d at 526, n. 2. *Accord Wolfe v. Department of Health & Human Servic-*

*es,* 821 F.2d 809 (D.C.Cir, 1987). Thus defendant may be awarded attorney fees where plaintiff's claims are designed to harass or are so unfounded as to be frivolous or patently baseless. *See Diamond Supply Co. v. Prudential Paper Products Co., Inc.,* 589 F.Supp. 470 (S.D.N.Y.1984); *Viola Sportswear, Inc. v. Mimun,* 574 F.Supp. 619 (E.D.N.Y.1983). Under this slightly less than bad faith reading of the statute, the Court finds that the instant case does not rise to the level of "exceptional."

■ Plaintiff brought suit based on its perception that defendant had unfairly appropriated the tradename "Muebleria La Amiga del Pueblo." This claim was not successful, but neither was it frivolous. The name and the goods provided by the parties were identical, and although Robles argues that Ponce—where defendant operated—is a distinct territory from the San Juan metropolitan area, the Court cannot say that this, by itself, makes plaintiff's claim patently baseless. Ponce is on the other side of the island but it is only a two hour drive from San Juan. Thus while it is perhaps unlikely that confusion could have surrounded the source of the goods, plaintiff's claim advanced in this vein was not so patently baseless as to warrant the imposition of attorney fees.

Defendant nevertheless points out that the speed with which the jury reached its verdict evidences the baseless nature of plaintiff's suit. Without more concrete support, however, such an inference is unpersuasive. Indeed, cases where attorney fees have been awarded to a prevailing defendant are easily distinguished and involve more flagrant acts of harassment than are present here.[2]

*Brunswick Corp. v. Spinit Reel Co.,* 832 F.2d 513, 528 (10th Cir.1987); *Centaur Communications v. A/S/M Communications,* 830 F.2d 1217, 1229 (2d Cir.1987).

2. *See, e.g. Noxell Corp. v. Firehouse No. 1 Bar–B–Que Restaurant,* 771 F.2d 521 (D.C.Cir.1985) (plaintiff's decision to locate in distant venue its trademark infringement suit against defendant was "exceptional" given that the place of venue accounted for less than 1.5% of defendant's total

sales); *Viola Sportswear, Inc., v. Mimun,* 574 F.Supp. 619 (E.D.N.Y.1983) (charge that defendants were involved in a nationwide trademark conspiracy based upon one ten dollar pair of jeans was so frivolous as to warrant summary judgment and attorney fees). *Compare with Blau Plumbing, Inc. v. S.O.S. Fix–It, Inc.,* 781 F.2d 604 (7th Cir.1986) (though location box in yellow pages was beyond the ambit of trademark protection, plaintiff put forth debatable argument so claim was not frivolous); *Yeshiva*

■ The Court now turns its attention to defendant's claim that he is entitled to attorney fees pursuant to Rule 44.1(d) of the Puerto Rico Rules of Civil Procedure. The First Circuit has held that the Puerto Rico rules determining the appropriateness of attorney fee awards are substantive and shall apply in diversity cases. *See Pan American World Airways v. Ramos*, 357 F.2d 341 (1st Cir.1966). The parties in the instant case, however, are not diverse; rather jurisdiction is based upon a federal question. Nor did plaintiff plead any pendent claims arising under state law which might arguably allow the application of the local rules. *See Samaritano & Co., Inc. v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, 110 F.R.D. 52 (D.P.R.1986). Yet even assuming that Rule 44.1 does apply, an award of attorney fees is inappropriate.

■ As with section 1117(a), the trial court has broad discretion in imposing attorney fees under Rule 44.1(d). *Reyes v. Banco Santander De P.R., N.A.*, 583 F.Supp. 1444 (D.P.R.1984). Consistent with the Lanham Act's provision, Rule 44.-1(d) reserves fees for parties that have "acted obstinately or frivolously." 32 L.P.R.A., App. III, R. 44.1(d), (as amended, 1986). In *Reyes, supra*, this Court noted that the attorney fees provision of the Puerto Rico Rules of Civil Procedure "was not designed as a premium to successful litigants, but rather as a penalty to be imposed on those litigants whose conduct ... borders on unreasonable pertinaciousness." 583 F.Supp. at 1446. Plaintiff's conduct did not rise to such a level. Having dispensed with the application for attorney fees under the Lanham Act, the Court likewise denies defendant's request under the Puerto Rico Rules of Civil Procedure.

In light of the foregoing, the defendant's motion for attorney fees is hereby DENIED.

IT IS SO ORDERED.

*University v. New England Educ. Institute, Inc.*, 631 F.Supp. 146 (S.D.N.Y.1986) (exaggerated

damage claim advanced in good faith did not render case "exceptional").