James W. DAVISON, et al., Plaintiffs,

v.

PUERTO RICO FIREFIGHTERS CORPS, et al., Defendants.

Civil No. 05–1755 (JAF).

United States District Court, D. Puerto Rico.

March 27, 2007.

Peter W. Miller, Stuart A. Weinstein–Bacal, Liana Colon–Valentin, Weinstein–Bacal & Associates, PSC, Old San Juan, PR, for Plaintiffs.

Francisco A. Ojeda–Diez, P.R. Department of Justice—Federal Litigation, Saulo A. Velez–Rios, Saulo Abad Velez Rios Law Office, San Juan, PR, for Defendants.

### OPINION AND ORDER

FUSTE, Chief Judge.

Before this court is a motion for attorney's fees filed by Defendants the Belén Condominium Homeowners Association,

the Belén Condominium Board of Directors, and Belén Condominium Administrator Víctor Rodríguez.[1] *Docket Document No. 63.* Defendants claim that they are entitled to recover attorney's fees in this litigation pursuant to a Puerto Rico law known as the Condominiums Act of 2003, 31 L.P.R.A. § 1291 et seq. *Id.* Plaintiffs, James W. Davison, his wife, Ana Victoria Davison, and their conjugal partnership (collectively "Plaintiffs"), oppose. *Docket Document No. 66.* Defendants reply, *Docket Document No. 71,* and Plaintiffs sur-reply. *Docket Document No. 73.*

The full factual history of this case is outlined in an Opinion and Order we published on February 15, 2006. *Docket Document No. 56.* We recount a much-shortened version here.

In 1994, Plaintiffs began renting a penthouse apartment in a building managed by Defendants. The penthouse had a terrace which, in addition to being connected to Plaintiffs' personal living space, was also connected to the hallway near the elevators. The terrace's connection to the hallway near the elevators is relevant to this litigation because a fire door was located on the terrace and, in 1996, part of the terrace was declared a common space so that other people living in the building could access the fire door in case of an emergency. Plaintiffs were asked to leave the door connecting the terrace to the hallway near the elevators unlocked at all times.

Plaintiffs requested the Puerto Rico Firefighters Corps' (PRFC) input on the issue and the PRFC affirmed in 1996 that the terrace would, in fact, have to be opened up in order to create access to the fire door (the "PRFC's order").

Plaintiffs were upset; they had thought that the terrace would be exclusively theirs, and so they commenced litigation in Puerto Rico courts to determine whether they were entitled to damages under their lease. In 1998, and in the context of Plaintiffs' litigation challenging their lease, a Puerto Rico trial court affirmed the PRFC's order.

The ensuing years saw a great deal of back and forth between Plaintiffs, the PRFC, and Defendants over exactly how the fire door access corridor required by the PRFC's order should look. At one point, for instance, the PRFC's order was for a three-foot wide fire door access corridor, and at another point it became for a five-foot wide fire door access corridor. There was also some waffling as to whether the fire door access corridor should follow the perimeter of the terrace or whether it should cut across the terrace diagonally. For the purposes of this motion, however, it suffices to say that the PRFC's order has remained in existence in one form or another since 1996, to Plaintiffs' chagrin.

In 2000, and despite the ongoing battles relating to the construction of the fire door access corridor, Plaintiffs bought the apartment. Also in 2000, Plaintiffs appealed the Puerto Rico trial court's 1998 affirmance of the PRFC's order to the Puerto Rico Court of Appeals. In 2001, the Puerto Rico Court of Appeals dismissed the appeal as untimely.

Despite the fact that the PRFC's order clearly stood in effect, Plaintiffs chose to ignore it, and as a result, in 2002, the

---

**1.** Although Plaintiffs' original complaint in this litigation also named the Puerto Rico Firefighters Corps, Germán Ocasio Morales, his wife, and the conjugal partnership they form, as Defendants, *Docket Document No. 1,* 34 *(amended)*, we will not be referring to these parties when we use the term "Defendants" in this opinion, because these parties have not joined this motion for attorney's fees, nor have they filed their own.

Solicitor General of Puerto Rico felt compelled to ask a Puerto Rico trial court to enforce the order. In the context of that enforcement proceeding, Plaintiffs once again challenged the validity of the PRFC's order. The Puerto Rico trial court ruled that the argument was barred by res judicata. Plaintiffs appealed in 2004, and the Puerto Rico Court of Appeals denied the petition. Plaintiffs appealed to the Puerto Rico Supreme Court and, in 2005, that petition was denied, too.

Also in 2005, the Puerto Rico trial court found Plaintiffs in contempt for flouting the PRFC's order and threatened to incarcerate them. Plaintiffs finally began the construction work necessary for the fire door access corridor.

On July 8, 2005, Plaintiffs began the instant litigation by filing a complaint against Defendants alleging that their role in the fire door access dispute had violated their rights under the Due Process and Equal Protection Clauses of the United States Constitution, U.S. Cons.Amend. V, U.S. Const. Amend XIV; the Fifth Amendment Takings Clause, U.S. Const. Amend V.; and Puerto Rico law. *Docket Document No. 1, 34 (amended)*.

On August 1, 2005, Defendants urged this court to dismiss the Plaintiffs' complaint for lack of subject matter jurisdiction. *Docket Document No. 18*. In our February 15, 2006, Opinion and order, we agreed with the arguments underpinning Defendants' petition, and we dismissed Plaintiffs' complaint in its entirety. *Docket Document No. 56*. Our full explanation for dismissing Plaintiffs' complaint can be found in that Opinion and Order, but, in a nutshell, we dismissed Plaintiffs' § 1983 Equal Protection, Due Process, and Takings Clause claims under the *Rooker/Feldman* doctrine for impermissibly seeking to appeal a state-court judgment against them in a federal district court. *Id.* Once

we dismissed all of Plaintiffs' federal claims, we declined to exercise supplemental jurisdiction over Plaintiffs' claims under Puerto Rico law, and dismissed those, too, without any discussion of their merits. *Id.*

Plaintiffs appealed, *Docket Document No. 60*, and the First Circuit Court of Appeals affirmed our decision on December 12, 2006. *Davison v. P.R. Firefighters Corps*, 471 F.3d 220 (2006). Defendants moved for attorney's fees on January 29, 2007. *Docket Document No. 63*. Plaintiffs responded on February 12, 2007, *Docket Document No. 66*, Defendants replied on March 2, 2007, *Docket Document No. 71*, and Plaintiffs sur-replied on March 9, 2007. *Docket Document No. 73*.

■ Defendants are, without a doubt, the prevailing parties in the present federal question litigation. Even still, the rule in United States courts "has long been that attorney's fees are not ordinarily recoverable [by a successful party]." *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 717, 87 S.Ct. 1404, 18 L.Ed.2d 475 (1967). The justification for this rule is threefold. Firstly, "it has been argued that since litigation is at best uncertain one should not be penalized for merely defending or prosecuting a lawsuit." *Id.* (citing *Oelrichs v. Spain*, 15 Wall. 211, 82 U.S. 211, 231, 21 L.Ed. 43 (1872)). Secondly, it has been argued that "the time, expense, and difficulties of proof inherent in litigating the question of what constitutes reasonable attorney's fees would pose substantial burdens for judicial administration." *Id.* Thirdly, it has been argued that "there is the possibility of a threat being posed to the principle of independent advocacy by having the earnings of the attorney flow from the pen of the judge before whom he argues." *F.D. Rich Co., Inc. v. United States*, 417 U.S. 116, 129, 94 S.Ct. 2157, 40 L.Ed.2d 703 (1974).

■ "There are exceptions to this principle, the major one being *congressional* authorization for the courts to require one party to award attorney's fees to the other." *Pennsylvania v. Delaware Valley Citizens' Council,* 478 U.S. 546, 561–62, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986)(Emphasis ours); *see also Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 262, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975) ("[T]he circumstances under which attorneys' fees are to be awarded and the range of discretion of the courts in making those awards are matters for Congress to determine."). Defendants seize upon this exception to the American Rule to make their case for attorney's fees in the present case, but instead of citing to a United States statute, as the aforementioned rule implies they must, they cite to a Puerto Rico law known as the Condominiums Act.[2] *Docket Document No. 63* (citing 31 L.P.R.A. § 1291 et seq.). The Condominiums Act holds, in relevant part, that

> [t]he forum of instance in which the claims or actions submitted by the unit owners or the Condominium Association are considered shall impose the legal fees of the litigation or claim upon the party that proceeded with temerity, as well as the payment of a reasonable amount for the attorney's fees actually incurred by the party that obtained the requested remedy.

31 L.P.R.A. § 1293f(e).

■ The parties' filings concern themselves almost exclusively with a discussion of how this court should interpret the Condominiums Act, and whether the facts of the present case trigger attorney's fees under its standards. *Docket Document Nos. 63, 66, 71, 73.* In so approaching the attorney's fees issue, the parties have wholly ignored a much bigger problem with Defendants' attorney's fees petition, which is whether the Condominiums Act, a Puerto Rico statute, can serve as a valid exception to the federal common law that all parties bear their own costs. We conclude that it cannot.

■ Jurisdiction in this case was originally premised on the federal questions raised by Plaintiffs' claims under § 1983. *Docket Document No. 1.* We will not apply state attorney's fees law to order one party to pay the attorney's fees of another in a federal question case when federal common law clearly dictates that the parties bear their own costs. *Home Sav. Bank v. Gillam,* 952 F.2d 1152, 1162(9th Cir.1991) ("Resort to state law is inappropriate in federal question cases when controlling federal common law exists and directly conflicts with the state rule."); *La Amiga del Pueblo, Inc. v. Robles,* 748 F.Supp. 61, 64 (D.P.R.1990) (holding that state attorney's fees law did not apply because the parties were not diverse and the jurisdiction was based on a federal question) (citations omitted).

The case of *Home Savings Bank* presents a scenario that sheds much light on the proper disposition of Defendants' current petition. 952 F.2d at 1162–63. In that case, the Ninth Circuit considered the United States District Court for the District of Alaska's decision to award attorney's fees for a plaintiff whose summary judgment motion had been granted in a federal question litigation. *Id.* at 1156. In

---

**2.** There is some debate between the parties as to whether or not this section of the Puerto Rico code should be called the Condominiums Act or the Horizontal Property Law. *Docket Document No. 63, 66.* We will assume, without deciding, that it is called the Condominiums Act for the purposes of this order. Making a determination as to how we should call the statute is unnecessary given that its substance is totally irrelevant to our conclusion today.

awarding the attorney's fees, the district court relied on Alaska state law, which follows the English rule of awarding attorney's fees to the prevailing party in a civil action. *Id.*

The Ninth Circuit reversed the district court's use of Alaska law to grant attorney's fees, stressing that "federal common law disfavors the award of attorney's fees in federal question cases absent an express congressional directive." *Id.* at 1162. Like the *Home Savings Bank* court, we feel that the federal question jurisdiction upon which this complaint was predicated clearly dictates the application of federal common law regarding attorney's fees.

We would be remiss if we did not recognize that we also momentarily exercised supplemental jurisdiction in this litigation over claims that Plaintiffs had pleaded under Puerto Rico law. We stress that our decision today should not be taken to determine the Condominiums Act's applicability had we reached the merits of those Puerto Rico claims. We have treated this as a standard federal question case, and not a supplemental jurisdiction case which might require a more nuanced analysis, because we never conducted any substantive discussion of the Puerto Rico claims. This entire litigation was waged, and ultimately won by Defendants, on the basis of arguments pertaining to Plaintiffs' federal questions.

In accordance with the foregoing, we **DENY** Defendants' motion for attorney's fees pursuant to the Condominiums Act. *Docket Document No. 63.*

**IT IS SO ORDERED.**